**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PETER PILARSKI, individually and on behalf of similarly situated persons, | ) ) ) | Case No. 17-cv-8659 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| RENT RECOVER OF BETTER NOI LLC, | ) ) | |
| Defendant. | ) | |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiff Peter Pilarski, individually and on behalf of a class of similarly situated persons, brings this action against Defendant Rent Recover of Better NOI LLC ("Rent Recover" or "Defendant") under the Fair Debt Collection Practices Act and mirror state law, the Michigan Occupational Code.

2. The purpose of the FDCPA is, "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

3. Courts have held that "the FDCPA legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." *See e.g. Ramirez v. Apex Financial Management, LLC*, 567 F. Supp. 2d 1035, 1042 (N.D. Ill. 2008).

4.      Congress designed the FDCPA to be enforced primarily through private parties, such as plaintiffs acting as "private attorneys general." *Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995) (*citation omitted*); *Crabill v. Trans Union, LLC,* 239 F.3d 662, 66 (7th Cir. 2001).

5.      As such, Plaintiff seeks to enforce the policies and rights available to him under the FDCPA.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692k (FDCPA).   This Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 as the conduct complained of arises out of a common nucleus of operative facts, *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), and having only one jury decide the same factual issues, "'best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.'" *See City of Chicago v. International College of Surgeons* 522 U.S. 156, 172-73 (1997) (*quoting Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)).

7.      Venue and personal jurisdiction over Defendant in this District is proper because Defendant is located within the District.

## PARTIES

8.      Plaintiff is an individual who resides in the State of Michigan.

9.      Plaintiff is a consumer as that term is defined in 15 U.S.C. § 1692(a)(3) as, "any natural person . . . allegedly obligated to pay any debt".

10.     Defendant Rent Recover of Better NOI LLC is a limited liability company organized under Illinois law with its principal office located at 220 Gerry Drive, Wood Dale,

Illinois. Its registered agent in Illinois is Joseph S. Messer, Messer Strickler, LTD., 225 West Washington Street, Suite 575, Chicago, Illinois 60606.

11.     At all times relevant to this Complaint, Rent Recover was engaged in the primary business of collection of alleged delinquent accounts for third parties, primarily debts incurred for the rental of residences.

12.     Rent Recover's website states in part, "Our team specializes in multifamily collections and we coordinate collection activity in-house." http://rentrecover.com/ (last visited November 16, 2017).

13.     At all times relevant to this Complaint, Rent Recover used the mails and telephones in conducting its business.

14.     As to the conduct engaged in by Rent Recover in this Complaint, Rent Recover acted as a "debt collector" as that term is defined in U.S.C. § 1692a(6).

15.     At all times relevant to this Complaint, Rent Recover was a "debt collector" as that term is defined in U.S.C. § 1692a(6).

16.     From March 10, 2014, to June 30, 2017, Rent Recover was licensed as a collection agency in the State of Michigan.

17.     Rent Recover is a "collection agency" under the Michigan Occupational Code, MCL 339.901(1)(b).

**FACTS**

18.     On March 3, 2015, Plaintiff entered into an Apartment Lease to rent an apartment at Harbour Club Apartments.

19.     A redacted copy of the Apartment Lease and other documents that were involved in the rental of the apartment at 48811 Denton Rd Bld (3) Apt (1), Belleville, Michigan is attached hereto as Exhibit A.

20.     Harbour Club Apartments' mailing address is 49000 Denton Rd., Belleville, Michigan.

21.     The term of the Apartment Lease ended on April 11, 2016.

22.     Plaintiff was provided a Move Out Statement dated 4/17/2016. (Exhibit B).

23.     The Move Out Statement indicated that on move out a total of $529.40 (five hundred twenty-nine dollars and forty cents) was due from Plaintiff.  (Exhibit B).

24.     Plaintiff had fallen on hard times when his employer stopped paying his employees, including Plaintiff's wages and medical insurance.

25.     On October 31, 2016, Plaintiff, though his counsel, filed a chapter 7 bankruptcy in the Eastern District of Michigan, Case No. 16-54835-mbm.

26.     Notice of Plaintiff's bankruptcy filing was sent to Plaintiff's creditors.

27.     Rent Recover's website in part states, "If you have failed to successfully complete the terms and conditions of your lease, you are still responsible for all outstanding rent, fees or damages owed. Your signed lease, security deposit bond or outstanding balance will result in your account being referred to Rent Recover for collection." http://rentrecover.com/residents.cfm (last visited November 16, 2017).

28.     Rent Recover sent or caused to be sent Plaintiff a letter dated January 17, 2017, stating in part:

```
RE: Original Creditor: Providence at Harbour Club
Placed for Collection on: 05/25/16
```

```
                Principal Due: $529.00
                 Interest Due: $23.95
                    Total Due: $552.95
```

Exhibit C.

29.     Rent Recover's letter to Plaintiff also states in part:

```
This communication is from a debt collector attempting to collect a debt
and any information will be used for that purpose. Your account will
accrue interest at a rate of 7.00 percent per annum.
```

30.     The two sentences above appear to be standard statements made by Rent Recover

in letters sent to debtors in the State of Michigan.

31.     On January 26, 2017, the bankruptcy court entered an Order Discharging Debtor.

32.     Plaintiff expended time and costs in seeking out legal advise regarding Rent

Recover's post bankruptcy filing collection attempt.

## COUNT I – FDCPA - CLASS CLAIM

33.     Plaintiff incorporates paragraphs 1-32 herein.

34.     Plaintiff's contract with Harbour Club Apartments does not include a clause that

unpaid amounts will accrue interest at a rate of 7.00 percent annum.

35.     The putative class members' contracts with their landlords do not include a clause

that unpaid amounts will accrue interest at a rate of 7.00 percent annum.

36.     15 U.S.C. § 1692f, in part, provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt
> to collect any debt. Without limiting the general application of the foregoing, the
> following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

37. 15 U.S.C. § 1692e, in pertinent part, provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

* * *

(2) The false representation of --

(A) the character, amount, or legal status of any debt. . . .

38. The language quoted above in Rent Recover's letter to Plaintiff violates 15 U.S.C. §§ 1692e, f, f(1).

## COUNT II – MICHIGAN OCCUPATIONAL CODE - CLASS CLAIM

39. Plaintiff incorporates paragraphs 1-32 herein.

40. MCL § 339.915a provides, in part, that "[a] licensee shall not commit any of the following acts: * * * (a) Communicating with a debtor in a misleading or deceptive manner[.]"

41. The language quoted above in Rent Recover's letter to Plaintiff violates the language of MCL § 339.915a cited above.

## CLASS ALLEGATIONS

42. A complaint need not define the class rather, "the obligation to define the class falls on the judge's shoulders" who may ask the parties' assistance. *Chapman v. First Index, Inc.*, 796 F.3d 783, 785 (7th Cir. 2015) (*citing* Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 23(c)(1); *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 20011).

43. Pursuant to Rule 23 class definitions may be modified by the Court or by Plaintiff prior to the entry of a judgment in this matter.

44.     On information and belief there are more than 40 persons in Michigan whom within one-year of the filing of this Complaint who received a letter in the form of Exhibit C that included the language "Your account will accrue interest at a rate of 7.00 percent per annum."

45.     There are questions of law and fact common to each class that predominate over any questions affecting only individual class members.

46.     The predominate questions are whether Michigan former tenant who is sent a letter in the form of Exhibit C that includes the language, "Your account will accrue interest at a rate of 7.00 percent per annum" violates the FDCPA and the MOC.

47.     Plaintiff will fairly and adequately protect the interests of a class.

48.     Plaintiff has retained Curtis C. Warner, who is counsel experienced in handling class actions and claims involving unlawful business practices.

49.     A class action is an appropriate method for the fair and efficient adjudication of this controversy.

## COUNT III – FDCPA – INDIVIDUAL CLAIM

50.     Plaintiff incorporates paragraphs 1-32 herein.

51.     Due to the automatic stay in Plaintiff's bankruptcy case, Defendant was not permitted to attempt to collect any monies from Plaintiff when the letter dated January 17, 2016, Exhibit C, was sent to Plaintiff.

52.     Defendant violated 15 U.S.C §§ 1692e, e(2)(A), e(5), e(10), and 15 U.S.C. § 1692f.

WHEREFORE, Plaintiff requests this Honorable Court to enter judgment on each of the claims under the FDCPA and MOC in her and the class' favor and against Defendant for:

A.     Actual and statutory damages available under the FDCPA and MOC, treble damages under the MOC if Defendant's conduct is deemed to be willful; and

B.     Attorney's fees and costs available under the FDCPA and MOC.

Respectfully submitted,
<u>/s/ Curtis C. Warner</u>
BY: Curtis C. Warner
*For Plaintiff Peter Pilarski*

Curtis C. Warner
WARNER LAW FIRM, LLC
350 S. Northwest HWY., Ste. 300
Park Ridge, IL 60068
(847)-701-5290 (TEL)
cwaner@warnerlawllc.com