**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PETER PILARSKI, individually and on behalf of similarly situated persons, | ) ) ) | Case No.: 1:17-cv-08659 |
| | ) | Honorable Rebecca R. Pallmeyer |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| RENT RECOVER OF BETTER NOI LLC, | ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS COUNTS I AND II**

**INTRODUCTION**

Defendant Rent Recover of Better NOI LLC, an Illinois Limited Liability Company, has filed a motion to dismiss two out of three of Plaintiff's counts that arise from Defendant's attempt to collect a debt in the State of Michigan.[1] Count I is brought under the Fair Debt Collection Practices Act alleging violations of 15 U.S.C. §§ 1692e, e(2)(A), f, f(1), and Count II alleges violations of Michigan's mirror collection law, MCL 339.915a. Thus if Plaintiff's FDCPA claims stand, so too does his claims under Michigan law. *See Soto v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 4195 * 17-18, 2012 WL 113534 (E.D. Mich. Jan. 13, 2012) (*citing Lovelace v. Stephens & Michaels Assocs.*, 2007 U.S. Dist. LEXIS 83281, 2007 WL 3333019, *2 (E.D. Mich. Nov. 9, 2007) ("When resolving claims under the [Michigan] state statutes that nearly mirror the FDCPA, the Courts are guided by the rules and decisions arising under the FDCPA").

---

[1] Defendant has not moved to dismiss Count III, that alleges that Defendant violated the FDCPA in attempting to collect a debt that was discharged in Plaintiff's prior bankruptcy filing.

The predominate questions underlying Counts I and II are whether the statements in the subject collection letter stating an amount of "Interest Due" and that "[y]our account will accrue interest at a rate of 7.00 percent annum" are false, misstating the amount of money that Defendant is legally permitted to attempt collect under a residential Landlord-Tenant Lease and Michigan law. Because neither the residential Landlord-Tenant Lease or Michigan law provide the ability for the landlord to seek an interest rate of 7.00 percent annum, an amount which Defendant claimed was "Due" and sought to collect as part of the "Total Due", Plaintiff has stated a cause of action under the Acts. Therefore, Defendant's motion to dismiss should be denied.

**FACTS**

The subject collection letter states in part:

```
Principal Due: $529.00
 Interest Due: $23.95
    Total Due: $552.95
```

(Complt.¶ 28, Ex. C, PageID #:32).

The subject collection letter also states:

```
This communication is from a debt collector attempting to collect a debt
and any information will be used for that purpose. Your account will
accrue interest at a rate of 7.00 percent per annum.
```

(Id. ¶ 29, Ex. C).

The section of the lease attached to the Complaint, as cited by Defendant its in motion and the previous paragraph of the lease are as follows:

> 39. **PACKAGES.** Unless Lessee notifies Providence at Harbour Club in writing, Lessee authorizes Providence at Harbour Club, but Providence at Harbour Club has no obligation to accept, packages on behalf of Lessee and their occupants, on the terms and conditions set forth in this paragraph. Providence at Harbour Club will ask delivery people to leave a notice on Lessee's door notifying Lessee that a package has been delivered to the office for them. When Lessee receives a notice, Lessee should retrieve the package as soon as possible. Lessee assumes all risks associated with authorizing Providence at Harbour Club to accept packages on Lessee's behalf and agrees Providence at Harbour Club shall not be responsible for lost, misplaced, stolen or damaged packages accepted by Providence at Harbour Club on behalf of Lessee or their occupants.
>
> 1. **COSTS.** Lessee agrees to be responsible for any costs of collection allowed by Michigan Law should collection and/or summary proceedings be initiated to collect delinquent amounts owing under this lease. If Lessee moves out owing any sums to Providence at Harbour Club, it is agreed that the maximum amount of interest allowed by Michigan law shall be added on from the date of Lessee's moving out. Court costs are assessed the day the case is filed in Court.

(Complt, Ex. A, PageID #:14).

The section above, quoted in part by Defendant in its motion, is not in numeric sequence, as is the format of all of the proceeding paragraphs. This section, section 1, is a standalone paragraph at the end of the Lease, "1. COSTS" which provides in its entirety:

> COSTS. Lessee agrees to be responsible for any costs of collection allowed by Michigan Law should collection and/or summary proceedings be initiated to collect delinquent amounts owing under this lease. If Lessee moves out owing any sums to Providence at Harbour Club, it is agreed that the maximum amount of interest allowed by Michigan law shall be added on from the date of the Lessee's moving out. Court costs are assessed the day the case is filed.

(Id.).

## ARGUMENT

### I. Michigan's Usury Statute MCL 438.31, only Applies to Bonds, Notes and other Written Instruments of Indebtedness Related to Loans, it does not Apply to a Landlord-Tenant Residential Lease

Defendant's entire argument that under Michigan law that it can collect an interest rate of 7.00 percent annum on top of the principal amount of the debt is premised solely on MCL 438.31. MCL 438.31 is however Michigan's usury statute applicable to loans. *Dmmitt & Ownes Fin. v. Realtek Indus.*, 90 Mich App. 439, 436 (Mich. App. 1979) ("The usury statute, MCL 438.31[.]") Notably, the usury statute is applicable if the underlying contract "involve[s] refinancing or the making of loans." *Id.*

The remedy section of Michigan's Act 326 of 1966, Interest Rates, MCL 438.32 Violation of act, attorney fees and court costs, recovery, makes it clear that the Act only applies to "seller[s] or lender[s] or his assigns" as follows:

> Any seller or lender or his assigns who enters into any contract or agreement which does not comply with the provisions of this act or charges interest in excess of that allowed by this act is barred from the recovery of any interest, any official fees, delinquency or collection charge, attorney fees or court costs and the borrower or buyer shall be entitled to recover his attorney fees and court costs from the seller, lender or assigns.

MCL 438.32.

Plaintiff's debt does not involve selling, refinancing or the making of loans.  Plaintiff's debt arises from a Landlord-Tenant residential lease.  (Complt. Ex. A).  Thus under Michigan law, the usury interest rates provided in MCL 438.31 are not applicable to a residential Landlord-Tenant lease.  Therefore, Defendant is not permitted under Michigan law to seek interest as being "Due" at a rate of "7 percent per annum" under the residential Landlord-Tenant lease.

## II. Assuming MCL 438.31 Applies to a Residential Landlord-Tenant Lease, the Plain language of the Statute Explicitly Requires A Written Agreement that the Interest Rate Is 7%, Otherwise the Maximum Allowed by Law is 5% under MCL 438.31

Defendant's motion omits quoting MCL 438.31 in its entirety, which is as follows:

**438.31 Legal interest rate; scope; limitation; construction; foreign obligations.**
Sec. 1.
***The interest of money shall be at the rate of $5.00 upon $100.00 for a year***, and at the same rate for a greater or less sum, and for a longer or shorter time, ***except that in all cases it shall be lawful for the parties to stipulate in writing for the payment of any rate of interest, not exceeding 7% per annum***. This act shall not apply to the rate of interest on any note, bond or other evidence of indebtedness issued by any corporation, association or person, the issue and rate of interest of which have been expressly authorized by the public service commission or the securities bureau of the department of commerce, or is regulated by any other law of this state, or of the United States, nor shall it apply to any time price differential which may be charged upon sales of goods or services on credit. This act shall not be construed to repeal section 78 of Act No. 327 of the Public Acts of 1931, as amended, being section 450.78 of the Compiled Laws of 1948. This act shall not render unlawful, the purchase of any note, bond or other evidence of indebtedness theretofore issued by any borrower not then domiciled in this state, which bear any rate of interest which is lawful under the law of the domicile of the borrower at

the date of issue thereof, and in such case any such rate of interest may be charged and received by any person, firm, corporation or association in this state.

MCL 438.31 (emphasis added).

If MCL 438.31 were to apply to the residential lease, which it does not, the "maximum amount of interest allowed by Michigan law" is to be assessed "at a rate of $5.00 upon $100.00 for a year". *Id.* The plain language of the Act however further provides that for the interest rate to be above 5% for a year, "the parties [must] stipulate in writing for the payment of any rate of interest, not exceeding 7% per annum." *Id.* Here there is no explicit written stipulation to the payment of interest in the amount of exactly 7%. *See* (Complt, Ex. A). Therefore, the "maximum amount of interest allowed by Michigan law" absent a written stipulation explicitly agreeing to the payment of 7% interest, is the maximum of 5% interest for the year. MCL 438.31. In absence of a specific agreement, Defendant was not permitted under Michigan law to seek interest at a rate of "7 percent per annum" and claim that amount if interest as being "Due".

**III.     In Michigan, when the Underlying Contract is not a Loan, Interest is not "Due" Until There is a Court Determination that there has been Breach of the Contract**

Even if MCL 438.31 is applicable to a residential rental lease, which Plaintiff argues it is not, prejudgment interest under Michigan law only becomes *due after* a judicial determination in made on the plaintiff's breach of contract claim. *See Bernstein v. Shifman*, 358 Mich. 699, 700 (Mich. 1960); MCL 600.6013(7), (8). Furthermore, the placement of the "COSTS" provision at the end of the lease in a non-sequential manner and the context of the section of the sentence prior and subsequent to the sentence Defendant relies upon only applies to litigation, strongly indicates that that the "COSTS" as "interest" can only be imposed under the lease if the subsequent event of litigation against the consumer occurs, if permitted under the law. Notably

the last sentence of the "COSTS" section states, "Court costs are assessed the day the case is filed". (Complt., Ex. A, PageID #:14).

However prejudgment interest under Michigan law is only permitted from the date of filing, if and only if the written contract has a "specified interest rate." MCL 600.6013(7) ("For a complaint filed on or after July 1, 2002, if a judgment is rendered on a written instrument evidencing indebtedness with a specified interest rate, interest is calculated from the date of filing the complaint to the date of satisfaction of the judgment. . . ."). If there is no interest rate specifically stated in the written contract then the prejudgment interest from the date of filing based on the variable interest rate set forth in the catchall provision of MCL 600.6013(8) of "1% plus the average interest rate paid at auctions of 5-year United States treasury notes during the 6 months immediately preceding July 1 and January 1, as certified by the state treasurer", applies as discussed in detail below in Section IV. *See* MCL 600.6013(8).

**IV. Under MCL 600.6013, Michigan's Prejudgment and Postjudgment Interest Rates are Calculated Using the Same Formula, and an Award of Prejudgment Interest is Calculated from the Date a Complaint the Results in a Judgment for the Plaintiff is Filed**

Michigan's interest on money judgment statutory rates for a complaint based on a written contract that does not contain a "specified interest rate" that results in a judgment being entered is also calculated from the "date of the filing of the complaint". MCL 600.6013(7), (8). Under Michigan law interest is calculated for such contracts that do not have a "specified interest rate" as follows:

> for complaints filed on or after January 1, 1987, interest on a money judgment recovered in a civil action is calculated at 6-month intervals from the date of filing the complaint at a rate of interest equal to 1% plus the average interest rate paid at auctions of 5-year United States treasury notes during the 6 months immediately preceding July 1 and January 1, as certified by the state treasurer, and compounded annually, according to this section. Interest under this subsection is calculated on the entire amount of the money judgment, including attorney fees and other costs.

6

MCL 600.6013(8).

The State of Michigan makes publically available Michigan's bi-yearly postjudgment statutory interest rates going back to January 1, 1987. *Available at* http://courts.mi.gov/administration/scao/resources/documents/other/interest.pdf. Michigan's post-judgment statutory interests rates for the past six years are as follows:

| Effective Date | Average Certified by State Treasurer | Statutory 1% | Interest Rate |
|---|---|---|---|
| January 1, 2012 | 1.083 | 1% | 2.083 |
| July 1, 2012 | 0.871 | 1% | 1.871 |
| January 1, 2013 | 0.687 | 1% | 1.687 |
| July 1, 2013 | 0.944 | 1% | 1.944 |
| January 1, 2014 | 1.452 | 1% | 2.452 |
| July 1, 2014 | 1.622 | 1% | 2.622 |
| January 1, 2015 | 1.678 | 1% | 2.678 |
| July 1, 2015 | 1.468 | 1% | 2.468 |
| January 1, 2016 | 1.571 | 1% | 2.571 |
| July 1, 2016 | 1.337 | 1% | 2.337 |
| January 1, 2017 | 1.426 | 1% | 2.426 |
| July 1, 2017 | 1.902 | 1% | 2.902 |
| January 1, 2018 | 1.984 | 1% | 2.984 |

Id.

To apply MCL 438.31's 5% or 7% interest provisions to the date of a contractual breach would create a windfall of interest to the plaintiff, incentivize delay in filing suit and it is simply contrary to Michigan's law setting for the amount of statutory interest on a money judgment.

Thus the statements in the subject letter that "Interest Due" without a judgment being obtained, indeed when no lawsuit was even filed, and "[y]our account will accrue interest at a rate of 7.00 percent annum" are both false. First as stated above, MCL 438.31 in inapplicable and second, the amount of "Interest Due" was not due as a matter of Michigan law, third if the contract is reduced to a judgment after a successful lawsuit, the amount of interest would have been calculated under MCL 600.6013(8), which at the time the subject letter was sent in January 2017, was 2.426%, not "at a rate of 7.00 percent annum", and fourth no account in the State of

Michigan will continue to accrue interest in perpetuity, which the language of the letter implies, as any claims of interest under a contract will be barred after six years from the date of the breach. MCL 600.5087(8)[2].

## V.     Case Law Favor's Plaintiff's Position

The law is clear that seeking an amount of interest not owed violates 15 U.S.C. § 1692f. *Duffy v. Landberg*, 215 F.3d 871, 875 (8th Cir. 2000); *c.f. Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("Debt collectors may not make false claims, period"); *See Long v. Shorebank Dev. Corp.*, 182 F.3d 548 (7th Cir. 1999) (seeking an amount of money not owed violates the FDCPA). Seeking an amount of interest not "Due", or in an amount that could ever be "Due" under Michigan law, Defendant violated the plain language of 15 U.S.C. §§ 1692e, e(2)(A) which provide:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> * * *
>
>   (2) The false representation of --
>
>      (A) the character, amount, or legal status of any debt. . . .

15 U.S.C. §§ 1692e, e(2)(A).

 Plaintiff needs only to establish one violation of the FDCPA to have brought a successful action under the FDCPA. *See Janetos v. Fulton Friedman & Gullace, LLP,* 825 F.3d 317, 321 (7th Cir. 2016).

Plaintiff's claim that the statement in the subject collection letter, "Interest Due" and including that amount in the "Total Due" is false and misstated the amount of the debt is on all

---

[2] "The period of limitations is 6 years for all other actions to recover damages or sums due for breach of contract." MCL 600.5087(8).

fours with *Shula v. Lawent*, 359 F.3d 489 (7th Cir. 2004). In *Shula*, the defendant attorney debt collector sent the plaintiff a demand letter stating an amount of costs as "'owed'" even though the state court proceeding had been abandoned several years earlier. In determining that the defendant violated the FDCPA, the Court in *Shula* held that the demand for costs as due and owing misrepresented the debt as it, "would have required the entry of a judicial order commanding him to pay the costs." *Id*. at 493. The Court then stated that, "If the court *had* awarded costs, they would have become a debt *owed*" by the consumer. *Id*. at 491 (emphasis in original). The law is clear that non-debt amounts claimed as "due" are not "due" and owing until a judgment is entered against the consumer in state court. Here, no court entered a judgment against Plaintiff and in favor of his landlord; in fact Plaintiff's landlord did not even file suit against him over the Lease.

Defendant, ignoring what Michigan's interest and judgment Acts actually provide, cites only two cases in its motion for its position that it was permitted under Michigan law to demand and clam that 7% interest was "due". Notably, "*815 Park Avenue Owners v. Lapidus,* 227 A.D. 353,354 (App. Div. 1996)", is not a Michigan case, but a case from the Supreme Court of New York, Appellate Division.[3] *815 Park Avenue*, is a very short opinion that confirmed the trial court's entry of a judgment that included a rate of interest, apparently allowed under New York law. *815 Park Avenue*, 227 A.D. at 354.

Likewise, *Tully v. Sheldon,* 159 N.H. 269, 274 (2009), is not a Michigan case, but a case from the Supreme Court of New Hampshire.[4] In *Tully* the plaintiffs, "appeal the order of the

---

[3] *The Bluebook* format of citation for *815 Park Avenue* should of included (N.Y. App. Div. 1996). *The Bluebook*, p. 218 (Seventeenth Edition*, 2000).

[4] *The Bluebook* format of citation for *Tulley* should of included (N.H. 2009). *The Bluebook*, p. 214 (Seventeenth Edition*, 2000).

Case: 1:17-cv-08659 Document #: 17 Filed: 01/29/18 Page 10 of 10 PageID #:81

Derry District Court . . . as it pertains to the denial of . . . prejudgment interest arising out of an action against the defendants". *Tully*, 159 N.H. at 275. The *Tully* court held that, "[t]he plaintiffs are entitled to the contract interest rate, as the prejudgment interest rate, on the unpaid rent and late charges. We note, however, that the plaintiffs are not entitled to the contract interest rate on their other claimed damages." *Tully*, 159 N.H. at 275.

*815 Park Avenue* and *Tully* actually undermines Defendant's position that it is entitled in a collection letter to claim 7% interest from the breach of the lease as being due, as both cases involved a lawsuit being filed and a judgment being entered, before the prejudgment interest allowed under *New York and New Hampshire law*, respectively, could be added to the principal amount sought to be collected.

These two non-Michigan cases, Michigan's usury statute, MCL 438.31, applicable to loans, and Plaintiff's residential lease does not "trump", (Def. Memo. p. 5, PageID #:65), unambiguous controlling Michigan statutory authority as cited by Plaintiff above.

## CONCLUSION

WHEREFORE the reasons stated above, Plaintiff has stated a claim upon which relief can be granted under Count I and Count II. Therefore, Defendant's motion must be denied.

<div style="margin-left:40%;">
Respectfully submitted,
/s/ Curtis C. Warner
BY: Curtis C. Warner
*For Plaintiff Peter Pilarski*
</div>

Curtis C. Warner
WARNER LAW FIRM, LLC
350 S. Northwest HWY., Ste. 300
Park Ridge, IL 60068
(847)-701-5290 (TEL)
cwaner@warner.legal