IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETER PILARSKI, individually and on behalf of similarly situated persons, ) ) ) | Case No. 17-cv-08659 |
| ) | Hon. Rebecca R. Pallmeyer |
| Plaintiff, ) ) | |
| v. ) ) | |
| RENT RECOVER OF BETTER NOI LLC, ) later incorporated as RENT RECOVER, LLC, ) and BETTERNOI, LLC, ) ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT BETTER NOI, LLC'S MOTION TO DISMISS**

**INTRODUCTION**

Defendant BetterNOI, LLC, after answering the Amended Complaint has moved this Honorable Court under Rule 12(b)(6) to dismiss Plaintiff's claims arguing that, "Plaintiff has failed to allege a factual basis for piercing the corporate veil." (PageID #:188). However, in determining whether liability attaches to, BetterNOI, LLC, Defendant Rent Recover of Better NOI LLC's parent company[1], *see* (Am. Complt. ¶ 20), the Seventh Circuit in cases brought under the Fair Debt Collection Practices Act applies an agency analysis under which the principal can be held liable for the acts of its collection agents. *Janetos v. Fulton Friedman & Gullace, LLC,* 825 F.3d 317, 325-26 (7th 2016). Under *Janetos*, Defendant BetterNOI, LLC, is liable for the collection activities of its corporate subsidiary, and its motion should be denied.

---

[1] In this case, Rent Recover of Better NOI, LLC, circumvented the required disclosures of Fed. R. Civ. P. 7.1 by limiting its disclosures to a "publically owned corporation" (Defendant's Corporate Disclosure Statement, Doc. # 11, PageID #45), and thereby did not disclose BetterNOI, LLC as its parent company, to which Rent Recover of Better NOI, LLC, did properly disclose in *Robinson v. Rent Recovery of Better NOI, LLC,* 1:18-cv-00155-SCJ-RGV, Document 9, (N.D. Ga. March 5, 2018) ("C. Parent Corporation Defendant is a wholly owned subsidiary of Better NOI, LLC").

**FACTS ALLEGED IN THE AMENDED COMPLAINT**

Defendant Rent Recover of Better NOI LLC, principal office was, and Defendant Better NOI, LLC principal office is located at 220 Gerry Drive, Wood Dale, Illinois. (Am. Complt. ¶¶ 10, 12). The subject collection letter contained the same address. (Am. Complt. Ex. A, PageID #:148).

Defendant Rent Recover of Better NOI LLC registered agent in Illinois is Joseph S. Messer, Messer Strickler, LTD., 225 West Washington Street, Suite 575, Chicago, Illinois 60606, and BetterNOI, LLC, agent for service of process is the same. (Id. ¶¶ 10-11).

Timothy Fortner was the CEO of Rent Recover of Better NOI LLC. (Id. ¶ 13). Timothy Fortner was the manger of Rent Recover of Better NOI LLC. (Id. ¶ 14). Timothy Fortner is the CEO of BetterNOI, LLC. (Id. ¶ 15). Timothy Fortner made the decision to dissolve Rent Recover of Better NOI LLC. (Id. ¶ 16). Timothy Fortner made the decision to dissolve Rent Recover, LLC. (Id. ¶ 17).

The director of sales who entered into the collection contract, between Rent Recover of Better NOI LLC and Plaintiff's landlord, was an employee of BetterNOI, LLC. (Id. ¶ 18). Rent Recover of Better NOI LLC's landlord client files were stored or accessible on a website / server owned and controlled by BetterNOI, LLC. (Id. ¶ 19). "Rent Recover is an entity of Better NOI." (Id. ¶ 20). BetterNOI, LLC's website states in part, "Our new model offers clients more accountability for results by partnering with highly effective collection agency partners." (Id. ¶ 24).

Rent Recover of Better NOI LLC sent Plaintiff a letter attempting to collect a debt incurred at Harbour Club Apartments that was in default at the time the letter was sent. (Am. Complt. ¶¶ 35-38, 43-44).

**STANDARD OF REVIEW**

BetterNOI, LLC first answered the Amended Complaint, (Document #:36), and then filed its Rule 12(b)(6) motion to dismiss. (Document #:38). Whether the Court treats this motion as a Rule 12(b)(6) or a motion under Rule 12(c), the standard of review is the same, as a Rule 12(c) motion "is subject to the same standard as a Rule 12(b)(6) motion to dismiss. *Joao Control & Monitoring Sys., LLC v. Telular Corp.*, 173 F. Supp. 3d 717, 723 (N.D. Ill. 2016) (Pallmeyer, J.) (*citing United States v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991). Under the applicable standard, "the court will view the facts and inferences drawn from the pleadings in the light most favorable to the non-moving party." *Id.* (*citing Emerg. Servs. Billing Corp., Inc. v. Allstate Ins. Co.,* 668 F.3d 459, 464 (7th Cir. 2012) (*citing N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 452 (7th Cir. 1998)). "In considering a Rule 12(c) motion, a court may look at documents incorporated into the pleadings by reference as well as matters of public record[.]" *Joao Control & Monitoring*, 173 F. Supp. at 724 (*citing Wood*, 925 F.2d at 1582).

**ARGUMENT**

BetterNOI, LLC's motion requests this Court to gloss over the facts alleged by Plaintiff regarding the intertwined relationship of the parent corporation, BetterNOI, LLC, and its former subsidiary, Rent Recover of Better NOI LLC, arguing that no such facts establish a sufficient client to pierce the corporate veil. This Court's focus however should be on the facts alleged and the Seventh Circuit's opinion in *Janetos,* which followed other Federal Court of Appeals holding that in cases brought under the Fair Debt Collection Practices Act, an agency analysis under which the principal can be held liable for the acts of its collection agents is to be applied. *Janetos*, 825 F.3d at 325-26. As noted above in footnote 1, Rent Recover of Better NOI LLC's counsel crafted an improperly couched corporate disclosure that concealed from this Court and

3

Plaintiff's counsel that BetterNOI, LLC was Rent Recover of Better NOI LLC's parent company.

In this case, Rent Recover of Better NOI LLC, made the following disclosures:

> Defendant, Rent Recover of Better NOI, LLC, by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 3.2 hereby states as follows:
>
> 1. Rent Recover of Better NOI, LLC is not a subsidiary or affiliate of a publicly owned corporation.
> 2. There is no publicly owned corporation or its affiliate, not a party to the case, that has a substantial interest in the outcome of the litigation.

Defendant's Corporate Disclosure Statement, Doc. # 11, PageID #45. (red box added for contrast).

In *Robinson*, Rent Recover of Better NOI LLC, made the following disclosure:

> C. Parent Corporation    Defendant is a wholly owned subsidiary of Better NOI, LLC.

*Robinson v. Rent Recovery of Better NOI, LLC,* 1:18-cv-00155-SCJ-RGV, Document 9, (N.D. Ga. March 5, 2018) (red box added for contrast).

The reasons for the corporate disclosures is because, "[b]oth the Court, the other parties, and the public have a right to know who is the real party in interest in any case." *Iris Connex, LLC v. Dell, Inc.*, 235 F. Supp. 3d 826, 861 (E.D. Tex. 2017). Concealing a parent company is a sanctionable omission. *Id.* at 862-63.

Rent Recover of Better NOI LLC's decision in its Corporate Disclosures filed with this Court, Defendant's Corporate Disclosure Statement, not to disclose BetterNOI, LLC as it parent company, (Doc. # 11, PageID #45), which was done by different counsel in *Robertson,* should

not be deemed to be a simple mistake or an oversight by its counsel, but an intentional omission exemplified by the wordsmithing of the disclosures that do not track the language of the rules. The two companies had the same address, 220 Gerry Drive, Wood Dale, Illinois, have the same registered agent, who is their counsel here, Joseph S. Messer, Messer Strickler, LTD. (Am. Complt. ¶¶ 10-12). Timothy Fortner, the CEO of BetterNOI, LLC, was the manager of Rent Recover of Better NOI LLC, and made the decision to dissolve, Rent Recover of Better NOI LLC, renaming it Rent Recover, LLC, only to dissolve that successor in interest as this lawsuit progressed. (Id. 13-17). The director of sales who entered into the collection contract, between Rent Recover of Better NOI LLC and Plaintiff's landlord, was an employee of BetterNOI, LLC. (Id. ¶ 18). Rent Recover of Better NOI LLC's landlord client files were stored or accessible on a website / server owned and controlled by BetterNOI, LLC. (Id. ¶ 19). "Rent Recover is an entity of Better NOI." (Id. ¶ 20) (*quoting* Toache Dep. Tr. 15:13-14).

Not only should the failure to disclosure BetterNOI, LLC, under Rule 7.1 deeply trouble this Court, but its motion to dismiss arguing that piercing the corporate veil is required is meritless. BetterNOI, LLC, notably omits Seventh Circuit law regarding claims under the Fair Debt Collection Practices Act applies an agency analysis. *Janetos*, 825 F.3d at 325-26. The Seventh Circuit's analysis is *Janetos* is sound and prevents parent companies such as BetterNOI, LLC from shuttering its subsidiaries' doors, for that subsidiary to avoid collectability from a judgment for its unlawful acts, or for the parent to avoid liability for the wrongful acts of its agent.

Despite *Janetos*, BetterNOI, LLC, advances a frivolous argument that, "nothing in Plaintiff's Amended Complaint identified any act or omission by Better NOI that would violate the FDCPA, nor does Plaintiff's Amended Complaint even state that BetterNOI violated the

FDCPA. (PageID #:192). First, the Seventh Circuit has made it clear that, "[a] debt collector should not be able to avoid liability for unlawful debt collection practices simply by contracting with another company to do what the law does not allow it to do itself." *Id.* at 325. Likewise, parent companies of debt collection subsidiaries cannot escape liability for the unlawful acts of those subsidiaries. *See id.* ("we think it is fair and consistent with the Act to require a debt collector who is independently obliged to comply with the Act to monitor the actions of those it enlists to collect debts on its behalf.") Second, Plaintiff's Amended Complaint alleges that it is BetterNOI, LLC, subsidiary and co-Defendant's acts complained of, and that those acts as a matter of law serves as the basis of BetterNOI, LLC's liability as follows:

>
> 32. BetterNOI, LLC is a debt collector" as that term is defined in U.S.C. § 1692a(6) as under the FDCPA in that it is liable for the acts of Rent Recover.
>
> 33. BetterNOI, LLC is a "licensee" under the Michigan Occupational Code, MCL 339.901(1)(b) in that it is liable for the acts of Rent Recover.
>
> 34. BetterNOI, LLC is a "regulated person" under the Michigan Regulation of Collection Practices Act, MCL 445.251(g) in that it is liable for the acts of Rent Recover.

(Am. Complt. ¶¶ 32-34).

While *Janetos* rejected the defendant's "actual control" argument, *Janetos*, 825 F.3d at 325-26, here Plaintiff has alleged actual control in that: (1) BetterNOI, LLC's CEO, Mr. Fortner, manages Rent Recover of Better NOI LLC, even making the decision to dissolve the company; (2) the director of sales who entered into the collection contract, between Rent Recover of Better NOI LLC and Plaintiff's landlord, was an employee of BetterNOI, LLC, thus BetterNOI, LLC determines which businesses become clients of Rent Recover of Better NOI LLC, to receive

Rent Recover of Better NOI LLC's debt collection services; and (3) Rent Recover of Better NOI LLC's landlord client files were stored or accessible on a website / server owned and controlled by BetterNOI, LLC.  There should be no doubt that BetterNOI, LLC, had control over the operations of and participated in the business of Rent Recover of Better NOI LLC, and therefore is a "debt collector" as defined in 15 U.S.C. § 1692a(6) as it "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).

Next, BetterNOI, LLC, moves to dismiss Plaintiff's state law claims under the Michigan Occupational Code, (PageID #:192), making the same argument as to why the FDCPA claims should be dismissed.  BetterNOI, LLC, however did not move to dismiss Plaintiff's claims alleged in paragraph 61 of the Amended Complaint that "[t]he language in Rent Recover's letter to Plaintiff, 'Your account will accrue interest at a rate of 7.00 percent annum' violates MCL 445.252(a), (e), (f)(ii).  (PageID #:144 ¶ 61).  Therefore, any arguments have been waived.

Additionally, MCL 445.252 is the Michigan Regulation of Collection Practices Act, is one of two Acts in Michigan that regulate collection practices, and of which Plaintiff alleged that, "BetterNOI, LLC is a 'regulated person' under the Michigan Regulation of Collection Practices Act, MCL 445.251(g) in that it is liable for the acts of Rent Recover." (PageID #:144 ¶ 34).  MCL 445.251(g) defines a "Regulated person" "mean[ing] a person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency."  MCL 445.251(g). BetterNOI, LLC, meets this definition.  And under MCL 445.252 Prohibits Acts, "A regulated person shall not commit 1 or more of the following acts:" MCL 445.252.  As such BetterNOI, LLC can be found to be liable under the Act.

7

*Janetos'* agency analysis should likewise applicable to Michigan state law collection Act claims. In *Currier v. PDL Recovery Group, LLC,* 2017 U.S. Dist. LEXIS 25240 (E.D. Mich. Feb. 23, 2017), the plaintiff brought a claim under the Michigan Occupational Code, as alternative to claims under the Michigan Collection Practices Act, against both "Defendants PDL, V Cobb and their managing agent, Belstadt, as to Count III, for violating §§ 339.915(i), 339.915(n), 339.918 and 339.915(q) of the MOC." *Id.* at * 4-5. The court made the factual finding that, "Defendant PDL is a debt collection company solely owned by Defendant V, Cobb, LLC." "Defendant V, Cobb is solely owned by Defendant Belstadt." *Id. at* 6, and that, "[a]fter Plaintiff defaulted on payments, the Check 'N Go account was referred to Defendant PDL for collection. There is no dispute that PDL representatives contacted Plaintiff regarding the Check 'N Go debt." *Id.* at * 8.

In *Currier*, the court found that as went the plaintiff's FDCPA claims so too did the plaintiff's claims under the MOC, one of Michigan's mirror collection Act, against the defendants. *Id.* at *56-57. The court further found that the plaintiff was entitled to summary judgment against the defendants where the "Defendants failed to raise a genuine dispute of fact as to whether written notice ["that written notice detailing a debtor[']s rights be sent to a debtor" 'within 5 days after the initial communication with a consumer in connection with a collection of a debt'] was actually sent to Plaintiff." *Id.* Although only the subsidiary defendant PDL made the initial communication, *Id.* * 9-11, the principal V, Cobb was held liable under the MOC. *Id.* at *56.

Furthermore, the facts alleged here by Plaintiff demonstrate at the pleading stage that BetterNOI, LLC, was directly involved in the collection process in that, "[t]he director of sales who entered into the collection contract, between Rent Recover of Better NOI LLC and

8

Plaintiff's landlord, was an employee of BetterNOI, LLC", (Id. ¶ 18), and "Rent Recover of Better NOI LLC's landlord client files were stored or accessible on a website / server owned and controlled by BetterNOI, LLC." (Id. ¶ 19). Without the direct acts and involvement of BetterNOI, LLC, the subject collection letter never would not have been sent to Plaintiff, as there would have been no contract with the original creditor, Harbour Club Apartments, and no information about the debt, as the information was on BetterNOI, LLC' website/servers.

## CONCLUSION

WHEREFORE the reasons above, BetterNOI, LLC's Rule 12(b)(6) motion to dismiss should be denied.

> Respectfully submitted,
> /s/ Curtis C. Warner
> BY: Curtis C. Warner
> *For Plaintiff Peter Pilarski*

Curtis C. Warner
WARNER LAW FIRM, LLC
350 S. Northwest HWY., Ste. 300
Park Ridge, IL 60068
(847)-701-5290 (TEL)
cwaner@warnerlawllc.com

## CERTIFICATE OF SERVICE

I, Curtis C. Warner, an attorney, state that on **August 6, 2018,** I electronically filed the above document with the Court's ECF system which shall send notice automatically to all counsel who have appeared and are so registered.

> Respectfully submitted,
> /s/ Curtis C. Warner
> BY: Curtis C. Warner
> *For Plaintiff Peter Pilarski*