IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETER PILARSKI, individually and on behalf of similarly situated persons, | ) ) ) Case No. 17-cv-08659 |
| Plaintiff, | ) Hon. Rebecca R. Pallmeyer ) ) |
| v. | ) ) |
| RENT RECOVER OF BETTER NOI LLC, later incorporated as RENT RECOVER, LLC, and BETTERNOI, LLC, | ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Plaintiff Peter Pilarski, individually and on behalf of similarly situated persons, by and through his counsel, requests this Honorable Court to enter an order certifying that this matter may proceed as a class action against. Plaintiff requests the Court to certified the class as being:

> All persons with a Michigan address who were sent a letter in the form of Exhibit A attached to the Complaint, as Amended, that contained, in part, a statement that "Your account will accrue interest at a rate of 7.00 percent annum".

**I.    NATURE OF THE CLASS CLAIMS**

Plaintiff alleges that Rent Recover of Better NOI, LLC, violated the Fair Debt Collection Practice Act and Michigan's mirror collection Acts be sending a form letter that included, in part, the statement that "Your account will accrue interest at a rate of 7.00 percent annum" the statement and inclusion of that amount of interest being due sought to collect an amount of interest that was not expressly authorized by the agreement creating the debt or permitted by law, and falsely represented the total amount of the debt due by including that impermissible amount of interest. A redacted copy of the subject form letter is attached as Exhibit A.

## II.     CLASS CERTIFICATION IS PROPER

The purpose of a class action is to promote judicial economy by avoiding duplicative suits against the same defendant, and to protect the rights of persons who may not be able to assert their claims on an individual basis. *Crown, Cork, & Seal Co. v. Parking*, 462 U.S. 345 (1983). As the United States Supreme Court has observed, "[c]lass actions serve an important function in our system of civil justice." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99 (1981). "Class actions … permit the plaintiffs to pool claims which would be uneconomical to litigate individually. . . . [M]ost of the plaintiffs would have no realistic day in court if a class action were not available." *Phillips Petroleum v. Shutts*, 472 U.S. 797, 808-809 (1985); *see also Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997) (class actions aggregate "relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor.").

Although, "[p]laintiffs bear the burden of showing that a proposed class satisfied the Rule 23 requirements . . . they need not make that showing to a degree of absolute certainty." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012) (internal citation omitted). While "[t]he court maintains broad discretion to determine whether a proposed class satisfies the requirements [it] should err in favor of maintaining class actions." *Rahman v. Chertoff*, 244 F.R.D. 443, 447 (N.D. Ill. 2007) (*citing King v. Kansas City S. Indus.*, 519 F.2d 20, 26 (7th Cir. 1975); *Patterson v. Gen. Motors Corp.,* 631 F.2d 476, 480 (7th Cir. 1980)).

Cases brought under the FDCPA involving form letters can proceed as a class action. *E.g. Keele v. Wexler*, 149 F.3d 589 (7th Cir. 1998); *Sadler v. Midland Credit Mgmt.,* 2009 U.S. Dist. LEXIS 26771 (N.D. Ill. March 31, 2009) (Pallmeyer, J.); *e.g. Nichols v. Northland Group, Inc.*, 2006 U.S. Dist. LEXIS (15037 N.D. Ill. Mar. 31, 2006) (Pallmeyer, J.); *e.g. Mendez v. M.R.S. Assoc.,* 2004 U.S. Dist. LEXIS 14901 (N.D. Ill. Aug. 3, 2004) (Pallmeyer, J.)

**III.     RULE 23(a)'s REQUIREMENTS ARE SATISFIED**

    **A.     Numerosity**

To establish numerosity a plaintiff is, "not required to allege the exact number or identity of the class members." *Hinman v. M&M Rental Ctr.*, 545 F. Supp 2d 802, 806 (N.D. Ill. 2008) (Pallmeyer, J.).  An estimated class of more than 40 members satisfies the numerosity requirement   See *Swanson v. Am. Consumer Indus., Inc*., 415 F.2d 1326, 1333 n. 9 (7th Cir. 1969) (40 members usually satisfies the numerosity requirement); Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 3:5 (4th ed. 2007) ("a good-faith estimate should be sufficient when the number of class members is not readily ascertainable."); *See McCabe v. Crawford & Co*., 210 F.R.D. 631, 644 (N.D. Ill. 2002) ("The court is able to make common-sense assumptions in determining numerosity.")

Here, Defendants have admitted in their Answer to the Amended Complaint that from November 30, 2016, to November 30, 2017, approximately 3,207 letters in the form of Exhibit A contained in part the statement, "Your account will accrue interest at a rate of 7.00 percent annum" were sent to persons in Michigan.   (Defs. Answer ¶ 47, PageID #:177).  Exhibit A, "would be a letter that [is] sen[t] out once a year . . . [i]t[s] an opportunity once a year to take advantage of what we consider a tax season or someone having a lump sum of money[.]"  (Ex. B, Toache Dep. Tr. 51:1-9).  Thus, each letter sent was sent to one individual in Michigan. "Defendants' simple act of mailing letters with allegedly misleading information constitutes a 'use' of such prohibited language." *Sadler v. Midland Credit Mgmt.,* 2009 U.S. Dist. LEXIS 26771 * 7 (N.D. Ill. March 31, 2009) (Pallmeyer, J.)  Such a number in the thousands satisfies the numerosity requirement.

3

B.  **Commonality**

A common nucleus of operative facts is enough to satisfy the commonality requirement. *Rosario v. Livaditis,* 963 F.2d 1013, 1017 (7th Cir. 1992). "A common nucleus is generally found when the defendant has engaged in standardized conduct towards the members of the proposed class." *Cavin v. Home Loan Ctr., Inc.*, 236 F.R.D. 387, 392 (N.D. Ill. 2006) (citations omitted); *Hinman*, 545 F. Supp. 2d at 806 ("Seventh Circuit precedent teaches that commonality and typicality are generally met where, as here, a defendant engages in a standardized course of conduct vis-a-vis the class members and plaintiffs' alleged injury arises out of that conduct.").

"To satisfy the commonality element, it is enough for plaintiffs to present just one common claim." *Ross v. RBS Citizens, N.A.*, 667 F.3d 900, 908 (7th Cir. 2012) (*citing Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2556 (2011)). The issue of whether a defendant is liable for its conduct is a common issue. *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 801-802 (7th Cir. 2013). "Common nuclei of fact are typically manifest where, like in the case sub judice, the defendants have engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents." *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998) (*citing among authorities Chandler v. Southwest Jeep-Eagle, Inc*., 162 F.R.D. 302, 308 (N.D. Ill. 1995)(,

Defendant Rent Recover of Better NOI was in the business of collecting debts related to the rental of residential property such as apartments and trailer parks. (Ex. B, Toache Dep. Tr. 14:19 – 15:9). Exhibit A is a form template that was used by Defendant Rent Recover of Better NOI. (Ex. B, Toache Dep. Tr. 50:7-21; Dep. Ex. 20). Exhibit A, "would be a letter that [is] sen[t] out once a year . . . [i]t[s] an opportunity once a year to take advantage of what we consider a tax season or someone having a lump sum of money[.]" (Ex. B, Toache Dep. Tr.

51:1-9). These form letters "were selected in a batch, and that's why there's probably no record here [in the collection notes] because it wasn't done by one human [] going into an individual account." (Ex. B, Toache Dep. Tr. 53:19-54:2). The form letter would be populated with information regarding the individual debtor from an electronic file associated with each individual debtor. (Ex. B, Toache Dep. Tr. 54:24-55:17).

The interest amount that is added into each letter sent to a person in Michigan is 7 percent and would have been calculated using the date the account was first placed with Rent Recover for collection. (Ex. B, Toache Dep. Tr. 56:16-57:16). The 7 percent language in the subject letter was added across the board in each letter regardless of what the lease said because it is a form letter. (Ex. B, Toache Dep. Tr. 83:19-24). The lease agreements of Rent Recover's clients "were pretty standard in what they used." (Ex. B, Toache Dep. Tr. 86:5-12). Defendant Rent Recover of Better NOI's Rule 30(b)(6) witness in his deposition reviewed a sample of its clients leases, a sample that comprised a "whole lot of leases" and after reviewing the leases could not find a single lease that specifically provided that 7 percent interest can be included. (Ex. B, Toache Dep. Tr. 81:5-20). Thus commonality has been met.

 **C.** **Typicality**

Commonality and typicality requirements under Rule 23 are interrelated and often merge. *Dukes*, 131 S. Ct. at 2551. The "typicality" requirement of Rule 23(a)(3) is satisfied for many of the same reasons that the "commonality" requirement of Rule 23(a)(3) is met. *De La Fuente v. Stokley-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1993). "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Id; Wagner v. NutraSweet Co.*, 95 F.3d 527, 534 (7th Cir. 1996). As demonstrated above in the analysis that

commonality has been met, typicality has been met for the same reasons.

### D. Adequacy

The Rule 23(a)(4) adequacy inquiry "consists of two parts: (1) the adequacy of the named plaintiffs as representatives of the proposed class's myriad members, with their differing and separate interests, and (2) the adequacy of the proposed class counsel." *Gomez v. St. Vincent Health, Inc.,* 649 F.3d 583, 592 (7th Cir. 2011).

#### 1. Plaintiff is an Adequate Class Representative

"Adequacy" under Rule 23(a)(4) is met when the proposed representative's interests are not antagonistic to or in conflict with those of the other class members. *Uhl v. Thoroughbred Tech. and Telecom., Inc.*, 309 F. 3d 978, 985 (7th Cir. 2002). The class representative must be part of the class, possess the same interest and suffer the same injury as the class members. *Dukes,* 131 S.Ct. 2541, 2551 (citations omitted). Plaintiff fits squarely within this requirement as the injurious act was the sending of a form collection letter that sought an impermissible 7% amount of interest. Plaintiff's interests are not antagonistic to or in conflict with other class members. The main thrust of Plaintiff's claim for damages are for statutory damages available under the FDCPA and state law.

The Seventh Circuit has noted that in a class action, "the class representative's role is limited." *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 896 (7th Cir. 1981). An adequate class representative need only be conscientious and have a basic understanding of the litigation at hand. *Carbajal v. Capital One,* 219 F.R.D. 437, 442 (N.D. Ill. 2004).

Plaintiff prepared for his deposition by reviewing documents provided to him by his counsel, spoke with his counsel over the telephone, and met in person with his counsel, and

produced documents to his counsel. (Exhibit C, Pilarski Dep. Tr. 12:3-13:19; 27:20-23). Plaintiff reviewed a document provided by Plaintiff's counsel that was drafted to assist Plaintiff in preparing for his deposition. *See* (Id. Dep. Tr. 43:8-20). Plaintiff knows the approximate number of putative class members and that the basis of the class involves the charging of interest. (Id. Dep. Tr. 14:10-15; 30:5-6). Plaintiff knows that his duties as the proposed class representative includes coming to his deposition, any court hearings, and to negotiate any settlement. (Id. Dep. Tr. 30:13-18). Plaintiff is aware of the class settlement demand that was made to Rent Recover of Better NOI and that there was no response. (Id. Dep. Tr. 35:2-4). Plaintiff is seeking for the class the maximum statutory amount permitted under the Fair Debt Collection Practices Act of "1 percent of the net worth" and the amount of statutory damages available under Michigan's collection Acts of "50 to $150". (Id. Dep. Tr. 31:19-23).

While some of Plaintiff's testimony was a little fuzzy, he is represented by adequate class counsel, "who as a practical matter are the class's real champions." *Murray v. GMAC Mortg. Corp,* 434 F.3d 948, 954 (7th Cir. 2006).

### 2. Proposed Class Counsel is Adequate

The second consideration in determining adequacy of representation is whether plaintiff's counsel is qualified, experienced, and able to conduct the proposed litigation. *Rosario*, 963 F.2d at 1018; FED. R. CIV. P. 23(g). Plaintiff's counsel submits the declaration of Curtis C. Warner of Warner. (Exhibit D). The Seventh Circuit has referred to Mr. Warner as "an FDCPA specialist." *Schlacher v. Law Office of Phillip J. Rotche & Assocs.,* 574 F.3d 852, 855 (7th Cir. 2009). Mr. Warner has demonstrated his dedication to Rule 23 requirements in achieving a fair, reasonable, and adequate settlement successfully representing objectors who objected to the low value of the compensation to the class. *See Redman v. Radioshack Corp.*, 768 F.3d 622 (7th Cir. 2014).

Mr. Warner has specifically been found to meet the adequacy requirement under Rule 23(a)(4) in challenged class certification motions. *Cavin v. Home Loan Center, Inc.,* 236 F.R.D 387, 395 (N.D. Ill. 2006) ("The Court finds that Mr. Warner [is]. . . 'experienced, competent, qualified and able to conduct the litigation vigorously'"). *Id*. at 395; *Mussat v. Global Healthcare Resource, LLC,* 2013 U.S. Dist. LEXIS 35107 * 13 (N.D. Ill. Mar. 13, 2013) (noting that the defendant did not challenge Mr. Warner's adequacy and finding, "class counsel has significant experience bringing class-action claims"); *see also Sanders v. W&W Wholesale, Inc*., 2012 U.S. Dist. LEXIS 128590 * 9-10, 2012 WL 39876629 (N.D. Ill. Sept. 11, 2012) (finding Mr. Warner adequate in protecting the rule of law where, "Plaintiffs' counsel has decided to remove Plaintiffs that lack standing in this case, such steps show a willingness to comply with the law rather than an attempt to deceive the court."); *e.g Florence Mussat, M.D. S.C. v. E.S. Medical Equipment and Supplies*, 16-cv-1240, Doc. 95, PageID #: 335 (N.D. Ill. Dec. 20, 2016) (noting that the defendant did not challenge Mr. Warner's adequacy and finding, "he is an attorney with over fourteen years of experience in complex commercial litigation and class actions; he has been approved as class counsel in roughly twenty cases in this district alone; and he represented objectors in several high-profile class actions before the Seventh Circuit.")

This Court has found Mr. Warner to be adequate class counsel in the context of granting preliminary and final approval to a class action settlement. *Pursak v. Lumber Liquidators, Inc.,* 12 C 6984, Docs. 183, 192 (N.D. Ill) (Pallmeyer, J). "The fact that attorneys have been found adequate in other cases 'is persuasive evidence that they will be adequate again.'" *Morris v. Risk Mgmt. Alternatives, Inc*., 203 F.R.D. 336, 344 (N.D. Ill. 2001) (*quoting Gomez v. Illinois State Bd. Of Ed.,* 117 F.R.D. 394, 401 (N.D. Ill. 1987)). Therefore, proposed class counsel, Mr. Warner, is adequate counsel.

## IV. RULE 23(b)(3)'s REQUIREMENTS ARE SATISFIED

Rule 23(b)(3) is met when, "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members." FED. R. CIV. P. 23(b)(3).

### A. Predominance

The predominance requirement is satisfied when, "'common questions represent a significant aspect of [a] case and . . . can be resolved for all members of [a] class in a single adjudication.'" *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 815 (7th Cir. 2012) (*quoting* 7AA Wright & Miller, Federal Practice & Procedure § 1778 (3d ed. 2011)). "[C]ommon questions can predominate if a 'common nucleus of operative facts and issues' underlies the claims brought by the proposed class." *Id.*, (*citing In re Nassau County Strip Search Cases,* 461 F.3d 219, 228 (2d Cir. 2006)*, quoting Waste Mgmt. Holdings, Inc. v. Mowbray,* 208 F.3d 288, 299 (1st Cir. 2000)). "Considering whether 'questions of law or fact common to class members predominate' begins, of course, with the elements of the underlying cause of action." *Erica P. John Fund, Inc. v. Halliburton Co.*, 131 S. Ct. 2179, 2185 (2011). Here, the common factual issue is a form letter that in part states, "Your account will accrue interest at a rate of 7.00 percent annum" and inclusion of that amount of interest being due sought t was not expressly authorized by the agreement creating the debt or permitted by law. Likewise, whether Defendants acted willfully and what damages to award predominate.

### B. Superiority

The Seventh Circuit held that cases such as this one, where hundreds of people have the same claim seeking statutory damages are well-suited for class resolution. *GMAC Mortgage Corp.*, 434 F.3d at 956. It is proper for a court, in deciding the "best" available method, to

9

consider the "....inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1165 (7th Cir. 1974). Reliance on the rare individual willing to incur the time and expense of seeking small damages that are available is not sufficient to ensure that, "it ought not to be cheaper to violate the Act and be sued than to comply with the statutory requirements." *Beliz v. W.H. McLeod & Sons Packing Co.*, 765 F.2d 1317, 1332 (5th Cir. 1985). Plaintiff's *de minimus* actual damages for taking the time to travel to his bankruptcy attorney in Michigan's office does not undermine the superiority of a class action. *See Arreola v. Godinez,* 546 F.3d 788, 801 (7th Cir. 2008) ("[a]lthough the extent of each class member's personal damages might vary, district judges can devise solutions to address that problem if there are substantial common issues that outweigh the single variable of damages amounts.") No apparent difficulties exist in managing this action as a class limited to persons located in one state.

## CONCLUSION

WHEREFORE because the requirements of Rules 23(a) and (b)(3) are satisfied in this case, Plaintiff requests this Honorable Court to certify the class proposed above, appoint Plaintiff as the class representative, and appoint Mr. Warner as counsel for the class.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
350 S. Northwest HWY, Ste. 300
Park Ridge, IL 60068
(847) 701-5290 (TEL)
cwarner@warner.legal