**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PETER PILARSKI, individually and | ) | Case No. 17-cv-08659 |
| on behalf of similarly situated persons, | ) | |
| | ) | Hon. Rebecca R. Pallmeyer |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RENT RECOVER OF BETTER NOI LLC, | ) | |
| later incorporated as RENT RECOVER, LLC, | ) | |
| and BETTERNOI, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS**
**MOTION FOR CLASS CERTIFICATION**

**INTRODUCTION**

Plaintiff Peter Pilarski, requested this Honorable Court to certify a class comprised of:

All persons with a Michigan address who were sent a letter in the form of Exhibit A attached to the Complaint, as Amended, that contained, in part, a statement that 'Your account will accrue interest at a rate of 7.00 percent annum'.

Defendants oppose certifying the class proposed above, arguing only that Rule 23(b)(3), superiority, and Rule 23(a)(2), commonality, have not been satisfied. Defendants are incorrect. Defendants do not set forth any arguments against numerosity, Rule 23(a)(1), typicality, Rule 23(a)(3), adequacy of Plaintiff and his counsel, Rule 23(a)(4), and predominance, Rule 23(b)(3).

Defendants' arguments against superiority and commonality are based solely on its disclosure raised for the first time as a factual mater in its Response that one of its landlord clients' leases expressly permits the charging of interest at "7.00 percent annum." Because identifying those persons who were sent the subject letter, and were tenants of Pavilion Apartments Limited Partnership, which is the only form lease that Defendants have identified as allowing the charging of interest at "7.00 percent annum", Defendants have demonstrated that

only a ministerial review is necessary to eliminate persons who would not have a claim. Such a ministerial review is not a barrier to class certification. Therefore because the Court can modify the proposed class definition and certify a class that expressly excludes persons with leases from Pavilion Apartments Limited Partnership and the requirements of Rule 23(a) and (b)(3) are not disputed as having been satisfied, this Court should grant Plaintiff's motion for class certification adding the exclusion to the proposed class definition.

## ARGUMENT

"[T]he obligation to define the class falls on the judge's shoulders" who may ask the parties' assistance. *Chapman v. First Index, Inc.*, 796 F.3d 783, 785 (7th Cir. 2015) (*citing* Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 23(c)(1); *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 20011). Pursuant to Rule 23, a class definition may be modified by the Court or by the plaintiff prior to the entry of a judgment in this matter. Fed. R. Civ. P. 23(c)(1)(C). The proposed class definition can also be modified by the plaintiff in her or his reply. *E.g. Pavone v. Aegis Lending Corp.*, 2006 U.S. Dist. LEXIS 62157 * 2 n. 1 (N.D. Ill. Aug. 31, 2006). Therefore, this Court can certify the class defined in Plaintiff's motion, adding to the definition the exclusion of persons who had a lease with the one landlord identified by Defendants as having a lease that expressly permitted charging 7% interest per annum, Pavilion Apartments Limited Partnership.

Defendants, after a ministerial review of its clients' leases, now come forward in their Response and identify one Michigan landlord, Pavilion Apartments Limited Partnership's, lease that contains a term that permits that landlord to charge a rate of interest at 7%. (Doc. 47-1). Defendant's document production of sample leases was apparently strategically done placing this one lease at the end of the document production of the sample leases. *See* (Group Exhibit A).

2

Rent Recover did not identify any other landlords' leases that contained a term the permitted the landlord to charge interest at a rate of 7% per annum. Indeed it objected to Plaintiff's Interrogatory No. 9, and only produced a sampling of Rent Recover's clients' leases in response to the request:

> For a time period from November 30, 2011, to November 30, 2017, please state the names and addresses of Defendant's landlord clients, and for each client, state the rate of interest that Defendant represented to the debtor was owed on the debt that Defendant was attempting to collect.

> (Exhibit B, Introg. No. 9).

Defendant further objected and would not answer Interrogatory No. 10, that specifically asked:

> For a time period from November 30, 2011, to November 30, 2017, please state the names and addresses of Defendant's landlord clients where the landlord client's lease expressly stated that the rate of interest was at "7.00 percent annum" or 7% annum".

> (Exhibit B, Introg. No. 10).

Listed in Rent Recover's objections to Plaintiff's Interrogatories Nos. 9 and 10 was that the information sought was, "not reasonably calculated to lead to the discovery of admissible evidence" (Id.). Defendants should not be permitted to object that the discovery is "not reasonably calculated to lead to the discovery of admissible evidence" then assert in opposition to class certification, that one form lease of Pavilion Apartments Limited Partnership is now admissible evidence, attempting to defeat class certification.

In any event, Defendants' ability to find one lease that contained a term that permitted the charging of interest at 7% per annum demonstrates that the review to exclude Pavilion Apartments Limited Partnership leases is a "ministerial review". Thus a modified class definition that expressly excludes persons that had a lease with Pavilion Apartments Limited Partnership leaves only a common question, whether under the lease or Michigan law could

Defendants seek seven percent interest per annum[1] that will drive the resolution of this case. *See Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct. 2541, 2551 (2011).

The 7 percent language in the subject letter was added across the board in each letter regardless of what the lease said because it is a form letter. (Ex. C, Toache Dep. Tr. 83:19-24). The lease agreements of Rent Recover's clients "were pretty standard in what they used." (Id. Toache Dep. Tr. 86:5-12). Defendant Rent Recover of Better NOI's Rule 30(b)(6) witness in his deposition had the following exchange with counsel:

Q.      Can you name me any company that specially said that 7 percent interest can be included in their lease?
A.      Yes, I believe I provided them.
        (To Ms. Strickler)  Have you provided him those?
BY MR. WARNER:
Q.      Yeah, those are right here, and you say you can't go through those.  You can take some time sir,  Can you go through those and find those?  We can take a break.
A.      If you have, of it's not there, its not there.
Q.      Your're the witness.  You're testifying that its in there.  So I'm asking - -
A.      I believe that I read over several leases in the past that it was in there.  So I had assumed that that was part of the law.  * * *
Q.      I'm asking about interest.
A.      I'm telling you that I interpreted on a few leases when we made the decision to charge the 7 percent, there was leases such as your client's lease that said we could charge the maximum amount of interest.
Q.      That's two different things.  Let's go with that one.  So if a lease says you can charge the maximum amount of interest for all those leases, its based upon the language that is set forth in the ACA publication here that says legal rate of interest, the contract rate is 7 percent, correct.
* * *
A.      I understand that we were not to exceed 7 percent.
Q.      So whenever - - the leases that say you can charge the maximum statutory rate such as plaintiff's, that language that's in plaintiff's lease, that allowed the charging of 7 percent to be included?
A.      I believed it was, yes.
Q.      Okay.  And as far as other leases, do you specifically remember seeing the amount of 7 percent interest can be added to that lease.
A.      I can recall that somewhere in this stack there might be one that specifically has a 7 percent in there, yes.

---

[1] Notably an extra amount added only *after* Rent Recover began to collect the debt.  (Doc. 41-1, PageID #:231, Toache Dep. Tr. 56:16-57:16).

Q.     One, okay.

A.     Maybe.

(Id., Toache Dep. Tr. 81:8 - 83:18).

Thus based on the uniform nature of leases for each landlord client, no difficulties in conducting a ministerial review exist. This fact distinguishes this matter from the few cases cited by Defendants.

In *Sadler v. Midland Credit Mgmt.*, 2008 U.S. Dist. LEXIS 51198 (N.D. Ill. July 3, 2008) (Pallmeyer, J.), this Court stated, "[p]laintiff's proposed class is identifiable only if the information necessary to identify those class members is available through a 'ministerial review' rather than 'arduous individual inquiry.'" *Id.* at * 11 (*quoting Ramirez v. Palisades Collection LLC*, 250 F.R.D. 366 (N.D. Ill. 2008)) ("*Ramirez II*"). In *Sadler*, the defendant produced affidavits of a detailed investigation that was conducted of its database which demonstrated a "failure rate of 20% [] constant across the 12,000 accounts identified" that "2,400 false positives the search identified demonstrate that an individual evaluation of each of the 12,000 accounts would be necessary to confirm the results of the query." *Id.* at 14. Thus based on this 20% failure rate, this Court denied that plaintiff's motion for class certification. This case is however greatly distinguishable.

Here, Defendant easily identified one person, out of the 3,207 persons who were sent the subject form letter who had a lease with a particular landlord that expressly provided a rate of interest of 7.00 percent annum. As such, Defendants have demonstrated only a failure rate of .03% (three one-hundredths of a percent). This low percentage against the backdrop that Rent Recover of BetterNOI added the language because of the ACA publication, without regard to the actual language of the lease between the debtor and the creditor landlord, demonstrates that the identification of the class members is "ministerial", and can expressly exclude those persons who

had a lease with Pavilion Apartments Limited Partnership. *See Clavell v. Midland Funding, LLC,* 2011 U.S. Dist. LEXIS 65721 * 7 (E.D. Pa. June 21, 2011) (*quoting Sadler,* 2008 WL 2692274, at * 3) (noting that "[i]t is not fatal for a class definition to require some inquiry into individual records so long as the inquiry is not 'so daunting as to make the class definition insufficient.'"); *see also e.g. Gutierrez v. LVNV Funding, LLC,* 2009 U.S. Dist. LEXIS 54479 * 35 (W.D. Tex. Mar. 16, 2009) (finding predominance met where the court found that "Defendants need only consult court records for a specific time frame and then determine whether an affidavit of account was attached.")

Defendants cite *Roman v. First Franklin Financial Corp.,* 2001 U.S. Dist. LEXIS 3968 (N.D. Ill. Apr. 2, 2001). In *Roman,* Judge Conlon made quick work in denying the motion for class certification, finding that the plaintiff could not satisfy the first element of Rule 23(a), numerosity. *Id.* at * 5-6 ("Roman offers no evidence to substantiate this theory [of numerosiy]. In fact, he does not even estimate how many loans of this type were issued by First Franklin."). Judge Conlon then opined that the plaintiff could not satisfy Rule 23(b)(3) because, "merely providing TILA disclosures is not determinative of whether the loan was used for business or consumer purposes" and cited the Federal Reserve Board's office state commentary on regulation Z. *Id.* at * 7-8. Defendants do not make such an argument here, nor could they. *See Beasley v. Blatt*, 1994 U.S. Dist. LEXIS 9383 * 10 (N.D. Ill. July 8, 1994) (finding typicality was met noting that, "[a]ll the court need do is examine the lease agreement to determine if the automobile was leased for business or personal purposes.") Indeed, *Beasley* supports Plaintiff's position that if there is a challenge, such as Defendants have raised here to one lease, the Court can examine a lease and via a ministerial review, exclude a person, or category of persons, form the proposed class definition.

**CONCLUSION**

WHEREFORE as Defendants arguments against Rules 23(b)(3) and (a)(2) fail and Defendants do not raise any arguments against numerosity, Rule 23(a)(1), typicality, Rule 23(a)(3), adequacy of Plaintiff and his counsel, Rule 23(a)(4), and predominance, Rule 23(b)(3), this Court should certify Plaintiff's proposed class adding an express exclusion of persons with leases from Pavilion Apartments Limited Partnership.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
350 S. Northwest HWY, Ste. 300
Park Ridge, IL 60068
(847) 701-5290 (TEL)
cwarner@warner.legal

**CERTIFICATE OF SERVICE**

I, Curtis Warner, hereby certify that on **September 5, 2018**, I filed electronically the document above via the Court's ECF system that will automatically send notice to those attorneys who have registered and appeared:

Joseph S. Messer
Stephanie A. Strickler
Messer Strickler, Ltd.
225 W. Washington Street, Suite 575
Chicago, IL 60606
(312) 334-3465
jmesser@messerstrickler.com
sstrickler@messerstrickler.com
Attorneys for Defendant

Respectfully submitted,
/s/ Curtis C. Warner
BY: Curtis C. Warner