IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PETER PILARSKI, individually and on behalf of similar situated persons | ) ) ) | |
| Plaintiff, | ) ) | Case No. 17-cv-08659 |
| vs. | ) ) | |
| RENT RECOVER OF BETTER NOI LLC, later incorporated as RENT RECOVER, LLC, and BETTER NOI, LLC | ) ) ) ) | Hon. Rebecca Pallmeyer |
| Defendants. | ) ) ) | |

**DEFENDANT BETTER NOI'S MOTION FOR PROTECTIVE ORDER**

NOW COMES the Defendant, Better NOI, LLC ("Better NOI") by and through its attorneys, Messer Strickler, Ltd., and hereby files this Motion for Protective Order and states as follows:

**I.  A PROTECTIVE ORDER IS NEEDED IN THIS CASE**

Defendant Better NOI files this Motion to:

(1) For the reasons explained in more detail below Defendant files this Motion to protect Defendant from testifying to certain topics included in the Notice of Depositions of Timothy Fortner and Better NOI's Rule 30(b)(6) representative.

**II.  BACKGROUND**

On November 30, 2017, Plaintiff filed this instant action, on behalf of himself and a class of similarly situated persons, alleging violations of the Fair Debt Collection Practices Act ("FDCPA) and the Michigan Occupation Code ("M.O.C."). Specifically, Plaintiff alleges that on March 3, 2015, he entered into a written Apartment Lease to rent an apartment at Harbour Club Apartments (hereinafter "Landlord"). *See*, D.E. 31, Plaintiff's Amended Complaint, ¶35. Plaintiff

1

alleges he experienced financial hardship once his employer stopped paying employees of the company, including Plaintiff's wages and medical insurance. *Id*. at ¶39. As a result, on October 31, 2016, Plaintiff filed a Chapter 7 bankruptcy in the Eastern District of Michigan. *Id*. at ¶40. Plaintiff alleges that notice of Plaintiff's bankruptcy filing was sent to Plaintiff's creditors, including Rent Recover, for collection. *Id*. at ¶41. Rent Recover sent a letter to Plaintiff on January 17, 2017. *Id*. at ¶43. Plaintiff alleges that at the bottom of the January 17, 2017 correspondence it stated that his account will accrue interest at a rate of 7.00 percent per annum and that this statement appears to be a standard statement made by Rent Recover in letters sent to debtors in the State of Michigan. *Id*. at ¶¶44-45. Plaintiff alleges that his contract with the Landlord and the putative class members' contracts with their landlords do not include a clause that unpaid amounts will accrue interest at a rate of 7.00 percent annum. *Id*. at ¶51. As such, Plaintiff claims that because Defendant added interest to the amount owed to the Landlord, which was allegedly not permitted by agreement or law, that Defendant was in violation of 15 U.S.C. §§1692e, f, and f (1) as well as MCL §§339.915a, e, f(ii) and MCL §§ 445.252(a), (e), (f)(ii).

On June 5, 2018, Rent Recover was terminated with the Illinois Secretary of State. *See*, https://www.ilsos.gov/corporatellc/CorporateLlcController (last visited August 2, 2018). On July 12, 2018, Plaintiff filed an Amended Complaint adding Defendant Better NOI. Defendant Better NOI filed a Motion to Dismiss arguing that Plaintiff failed to allege a factual basis for piercing the corporate veil and finding Better NOI liable for the actions of Rent Recover. In his brief in opposition to the Motion to Dismiss, Plaintiff specifically disavowed the notion that he was seeking liability against Better NOI by piercing the corporate veil, stating that the Seventh Circuit applies an agency analysis and the requirement of piercing the corporate veil is "meritless." *See*, D.E. 40, p. 5. Instead, Plaintiff argued that Better NOI, LLC was liable under the Seventh Circuit's

*Janetos* decision, which applied an agency analysis to find the principal liable for the acts of its collection agent. *Janetos v. Fulton Friedman & Gullace, LLC*, 825 F.3d 317, 325-26 (7th Cir. 2016). The Seventh Circuit stated, "a debt collector who is independently obliged to comply with the [FDCPA]" is required "to monitor the actions of those it enlists to collect on its behalf." *Id.* at 325. Thus, Plaintiff's claims against Better NOI rests on whether Better NOI is considered a "debt collector" as that term is defined under the FDCPA. However, in his Notice of Deposition (attached hereto as Exhibit A), Plaintiff includes several topics which would illicit information irrelevant in determining whether Better NOI is considered a debt collector under the FDCPA. Instead, these topics target the veil piercing theory of liability which Plaintiff has specifically disavowed. Counsel for Plaintiff and Defendant conducted a meet and confer telephone call on October 2, 2018 but were unable to resolve all of Defendant's objections. As such, and based on the foregoing, Defendant Better NOI seeks a protective order from this Court to prevent Defendant Better NOI's Rule 30(b)(6) representative from testifying to such irrelevant topics.

### III. ARGUMENT

Upon receiving a deposition notice that describes "with reasonable particularity the matters on which examination is requested, [an] organization . . . shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify." Rule 30(b)(6); *United States Equal Employment Opportunity Commission v. Source One Staffing, Inc.,* 2013 U.S. Dist. LEXIS 361 (N.D. Ill. Jan. 2, 2013). The requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute. *Kalis v. Colgate-Palmolive Co.,* 231 F.3d 1049, 1057 (7th Cir. 2000). Rule 30(b)(6) only requires a corporate witness to "testify about information known or

reasonably available to the organization," not to arm its witnesses with information outside of its corporate knowledge. *Snyder v. City of Chicago*, 2016 U.S. Dist. LEXIS 167239, at *7 (N.D. Ill. Dec. 5, 2016). Furthermore, Rule 30(b)(6) discovery, like all discovery, must be relevant to a party's claim or defense. *Id.* (citing F.R.C.P. 26(b)). For good cause shown, a court may enter a protective order to forbid the testimony or discovery based upon relevancy or materiality. *See*, F.R.C.P. 26(c); *see also* F.R.C.P. 34(d).

Several of Plaintiff's proposed deposition topics show that Plaintiff intends to question Better NOI's representative regarding matters not relevant to Plaintiff's claim, including matters which Plaintiff has specifically disavowed. Those topics, and Better NOI's specific objections to them, are as follows:

**Topic D: Any state licenses that Better NOI, maintains in regard to its business.**

Better NOI objects to this topic because the state licenses that it maintains are completely irrelevant to Plaintiff's claims. Plaintiff's claims against Better NOI rests on whether Better NOI is considered a "debt collector" as that term is defined under the FDCPA. To the extent that Plaintiff wants to know information related to any debt collection agency license, which would be relevant to Plaintiff's claims, Better NOI's representative can be prepared to testify as to that information. However, Better NOI does not maintain debt collection agency licenses, as it is not a debt collector. Other licensing information is completely irrelevant and not narrowly tailored to the claims at issue.

**Topic G: For the years 2011 through 2017, the amount of money transferred between the accounts of Better NOI and Rent Recover, LLC.**

Better NOI objects to this topic because this information is irrelevant to any of Plaintiff's claims. As Plaintiff noted in his opposition to Better NOI's Motion to Dismiss, the Seventh Circuit

applies an agency analysis under which the principal can be held liable for the acts of its collection agents. As the Seventh Circuit stated, "a debt collector who is independently obliged to comply with the [FDCPA]" is required "to monitor the actions of those it enlists to collect on its behalf." *Janetos*, 825 F.3d at 325. The amount of money transferred between the accounts of Better NOI and Rent Recover, LLC, if any, would not cause Better NOI to be regulated as a debt collector under the FDCPA. This information appears to relate to a corporate veil piercing theory (i.e., commingling of funds or assets or one corporation treating the assets of another corporation as its own), which Plaintiff has affirmatively rejected.

**Topic H:** **For the years 2011 through 2017, the amount of money transferred between the accounts of Better NOI and Rent Recover, LLC.**

Better NOI objects to this topic for the same reasons it objects to Topic G.

**Topic L.** **Rent Recover NOI LLC's corporate structure, including any winding up of the company, its assets and liabilities.**

Better NOI objects to this topic because the dissolution of Rent Recover is not relevant to the claims asserted by Plaintiff in her Complaint. Again, Plaintiff's claims against Better NOI rests on whether Better NOI is considered a debt collector. Better NOI's knowledge about Rent Recover's winding up and assets and liabilities is not relevant to the agent analysis under *Janetos*. Furthermore, such information is not within Better NOI's corporate knowledge.

**Topic M.** **Rent Recover LLC's corporate structure, including any winding up of the company, its assets and liabilities**.

Better NOI objects to this topic for the same reasons Defendant objects to Topic L.

## **CONCLUSION**

Based on the foregoing, there is good cause shown to enter a protective order, whereby this Court shall prohibit the Defendant's corporate representative to testify to the topics listed above.

DATED this 8th day of October, 2018.  Respectfully Submitted,

/s/ Stephanie A. Strickler
Stephanie A. Strickler
Messer Strickler, Ltd.
225 W. Washington Street, Suite 575
Chicago, IL 60606
(312) 334-3465
(312-334-3473 (fax)
sstrickler@messerstrickler.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2018, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will provide notice to all counsel or record.

/s/ Stephanie A. Strickler
Stephanie A. Strickler
Messer Strickler, Ltd.
225 W. Washington Street, Suite 575
Chicago, IL 60606
(312) 334-3465
(312-334-3473 (fax)
sstrickler@messerstrickler.com
*Attorneys for Defendant*