**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PETER PILARSKI, individually and on behalf of similar situated persons | ) ) ) | |
| Plaintiff, | ) ) | Case No. 17-cv-08659 |
| vs. | ) ) | |
| RENT RECOVER OF BETTER NOI LLC, later incorporated as RENT RECOVER, LLC, and BETTER NOI, LLC | ) ) ) ) | Hon. Rebecca Pallmeyer |
| Defendants. | ) ) ) | |

### DEFENDANT RENT RECOVER OF BETTER NOI'S MOTION SEEKING MODIFICATION TO THE JANUARY 17, 2019 ORDER

NOW COMES Defendant, Rent Recover of Better NOI, LLC ("Rent Recover" or "Defendant"), by and through its undersigned counsel, and pursuant to this Court's inherent authority, hereby moves this Honorable Court to reconsider and modify its Order entered on January 17, 2019, and in support of which states as follows:

On January 11, 2019, this Court granted Plaintiff's Motion for Class Certification. Plaintiff was ordered to promptly submit a proposed order and proposed notice. On January 16, 2019, Plaintiff's counsel submitted a proposed order to the Court. The order contained a list of requirements for the manner in which Defendant was to produce the class information. Plaintiff's counsel did not consult with Defendant's counsel prior to submitting the proposed order to ensure that Defendant could in fact produce the class data in the requested format. On January 17, 2019, this Court entered the order (hereinafter referred to as the "January 17, 2019 Order"). The January 17, 2019 Order states, in pertinent part, the following:

3. Defendants are to produce the leases in the above paragraph organized by landlord, *e.g.* all Sun Home's leases of the class members, then all Providence at Harbor Club Apartments, leases.

4. Defendants are not to redact the produce the leases, with the exception that: (a) social security numbers; (b) dates of birth; (c) driver's license numbers; and (d) banking account information shall be redacted by the Defendants prior to production to Plaintiff's counsel.

5. The leases are to be produced in .pdf and must be in a searchable format. If the leases have not been made to be readable in Optical Character Recognition ("OCR") format, Defendants shall either scan or convert the leases to OCR format prior to production to Plaintiff's counsel.

For the following reasons, Defendant is unable to comply with the above paragraphs of the January 17, 2019 Order and therefore moves this Court to reconsider and modify its prior order.

First, Rent Recover's files were not organized by landlord as they were kept in the ordinary course of business. However, the class list, which is contained in an Excel spreadsheet does organize the consumers by landlord. In order to organize the leases by landlord, Rent Recover would be required to review each consumer file, which would take a considerable amount of time. Rent Recover is a dissolved company that is no longer in business. Thus, it does not have the employees or resources to undergo such a burdensome task.

Second, each of the consumer files for the class members are made up of one (1) PDF file which contains all documents in that consumer's file. So, for instance, one class member's file contains one PDF that may contain a rental application, the lease, and an account statement.[1] Again, to require Defendant to organize the files by landlord, extract the lease from each PDF, and to redact certain information from the files would require Defendant to review every single consumer file for the class.

---

[1] In addition, some of the leases in Defendant's files may be partial copies of the lease, as this is the way in which the Defendant received the file from its landlord clients.

Finally, the files were kept in the ordinary course of business in a PDF format. However, Rent Recover does not have the utilities or resources to convert the files into a searchable format or in Optical Character Recognition ("OCR") format.

Defendant produced, to Plaintiff's counsel, the Excel spreadsheet containing the list of the 1,447 consumers who received the letter at issue in the state of Michigan that were not returned as undeliverable. This spreadsheet includes the consumer's names, addresses, and the landlord for which the account pertains to. In addition, Defendant produced a thumb drive containing the files for the 1,447 consumers. However, the files were produced as they were kept in the ordinary course of business, which are not organized by landlord, and contain other documents besides the lease. Thus, Defendant requests that this Court modify the January 17, 2019 Order and to find that Defendant has met its obligations for producing the class information.

WHEREFORE, Defendant requests this Court reconsider and modify the January 17, 2019 Order and to find that Defendant has met its obligations for producing the class information.

DATED this 5th day of February, 2019.　　　　　Respectfully Submitted,

/s/ Joseph S. Messer
Joseph S. Messer
Messer Strickler, Ltd.
225 W. Washington Street, Suite 575
Chicago, IL 60606
(312) 334-3440
(312-334-3473 (fax)
jmesser@messerstrickler.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2019, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will provide notice to all counsel or record.

/s/ Joseph S. Messer
Joseph S. Messer
Messer Strickler, Ltd.
225 W. Washington Street, Suite 575
Chicago, IL 60606
(312) 334-3440
(312-334-3473 (fax)
jmesser@messerstrickler.com
*Attorneys for Defendant*