**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PETER PILARSKI, individually and on behalf of similarly situated persons, | ) ) ) | Case No. 17-cv-08659 |
| Plaintiff, | ) ) ) | Hon. Rebecca R. Pallmeyer |
| v. | ) ) ) | |
| RENT RECOVER OF BETTER NOI LLC, later incorporated as RENT RECOVER, LLC, and BETTERNOI, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF THE
CLASS ACTION SETTLEMENT AND APPROVAL OF THE NOTICE PLAN**

NOW COMES Plaintiff Peter Pilarski, individually and on behalf of a certified class, by and through his counsel, and moves this Honorable Court to grant preliminary approval to the class Settlement Agreement, between Plaintiff and Defendants Rent Recover of Better NOI LLC, later incorporated as Rent Recover, LLC, and BetterNOI, LLC, a copy of the Agreement is attached as Appendix A, and to approve the proposed direct class notice plan, attached as Exhibit 1 to the Agreement. The Agreement provides each class member who does not opt-out and whose mail is not returned, no less than $25 and notice of their right to opt-out. Rent Recover of Better NOI LLC, is no longer in business and BetterNOI, LLC, has vigorously denied liability in this case brought under the Fair Debt Collection Practices Act and mirror Michigan collection law.

In support of this motion, the Plaintiff states:

**BACKGROUND**

Plaintiff, individually and on behalf of similarly situated persons, filed a lawsuit in the United States District Court for the Northern District of Illinois, captioned *Pilarski v. Rent Recover*

*of BetterNOI, LLC*, Case No. 17-cv-08659 (the "Litigation"), alleging that Defendant Rent Recover of BetterNOI, LLC, ("Rent Recover") violated Fair Debt Collection Practices Act and Michigan law, by claiming in a form collection letter that interest at a rate of 7% was due at the time the letter was sent, when the underlying contract did not contain an explicit provision for 7% interest to be assessed at any time after default and such an amount was not permissible under Michigan law. Plaintiff also alleged an individual claim that Rent Recover sought to collect a debt that he discharged in bankruptcy.

On January 10, 2018, Rent Recover filed a motion to dismiss the class claims arguing that Michigan law, MCL 438.31, permitted the assessment of 7% interest after default. On February 15, 2018, the Court denied Rent Recover's motion to dismiss the asserted class claims.

The parties engaged in written discovery, beyond the MIDs exchanged, and engaged in deposition discovery.

On July 12, 2018, Plaintiff filed an Amended Complaint adding Better NOI, LLC as a Defendant. On August 2, 2018, Defendant Better NOI, LLC, moved to dismiss Plaintiff's Amended Complaint as to the claims asserted against it.

On August 7, 2018, Plaintiff moved for class certification.

On August 21, 2018, the Court denied Defendant Better NOI, LLC's motion to dismiss.

On September 17, 2018, Plaintiff moved for summary judgment on all claims asserted against Rent Recover of Better NOI, LLC, but did not move for summary judgment against Defendant Better NOI, LLC.

On January 11, 2019, the Court granted class certification, and on February 20, 2019, approved of the modified class, defined as follows:

All persons with a Michigan address who were sent a letter from Rent Recover of Better NOI LLC, seeking to collect a debt related to the rental of an apartment, that contained, in part, a statement that "Your account will accrue interest at a rate of 7.00 percent annum".[1]

On February 28, 2019, Defendant BetterNOI, LLC moved for summary judgment.

On March 5, 2019, at the Parties' request, this Court referred this matter to Magistrate Judge Schenkier for the purpose of conducting a settlement conference. On March 11, 2019, Magistrate Judge Schenkier entered an Order setting May 1, 2019, as the date for the settlement conference and setting dates for the Parties to exchange settlement position letters.

Before and during the schedule set by Magistrate Judge Schenkier, the parties engaged in arm's-length settlement. The arms-length compromises and settlement on material terms achieved the day before settlement conference are contained herein in Appendix 1. The parties further negotiated and compromised upon issues related to the form of the notice that would be provided to the class and selection of a claims administrator.

Defendants deny liability to Plaintiff and the class for the claims alleged therein but considers it desirable that the action and the claims alleged therein be settled. After considering the monetary benefit that each class member, who do not opt-out or their mail is not returned as undeliverable, will receive under this Settlement Agreement, and notice of the alleged violation informing the class member including the right to opt-out, against Defendants' positions, Plaintiff believes that the class Agreement, is fair, reasonable and adequate, and requests for the Court to grant preliminary approval and to direct notice to the class members to be sent.

---

[1] Defendant Rent Recover has confirmed that there are 1448 persons who are within this class definition.

## ARGUMENT

This Court in granting final approval to the class action settlement *In re Mexico Money Transfer Litig.,* 164 F. Supp. 2d 1002 (N.D. Ill. 2000) (Pallmeyer, J), stated:

> Courts favor the resolution of a class action by way of settlement and will approve such a settlement if it is fair, reasonable, and adequate when viewed in its entirety. *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996). In evaluating a proposed settlement, the court recognizes that the 'essence of settlement is compromise' and will not represent a total win for either side. *Id.* at 1200, *quoting Armstrong v. Board of Sch. Dir*., 616 F.2d 305, 315 (7th Cir. 1980). Accordingly, the court is not called upon to determine whether the settlement reached by the parties is the best possible deal, nor whether class members will receive as much from a settlement as they might have recovered from victory at trial. *See In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F. Supp. 450, 534 (D.N.J. 1997), aff'd, 148 F.3d 283 (3d Cir. 1998); *E.E.O.C. v. Hiram Walker & Sons*, 768 F.2d 884, 889 (7th Cir. 1985). In assessing the fairness, reasonableness and adequacy of a class settlement, the court must balance six factors:
>
> (a) the strength of plaintiffs' case, weighed against the settlement offer;
>
> (b) the complexity, length, and expense of further litigation;
>
> (c) the presence of collusion between the parties;
>
> (d) the opinion of competent counsel;
>
> (e) the reaction of class members to the proposal; and
>
> (f) the stage of proceedings and discovery completed. *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 308 (7th Cir. 1985).

*In re Mexico Money Transfer Litig.,* 164 F. Supp. 2d at 1014.

These above factors, without the reaction of the class members, warrant preliminary approval of the Settlement, which will in turn require notice to those class members to be sent. Counsel for Plaintiff has reviewed and analyzed the legal and factual issues presented in this action, including insurance coverage issues, and have weighed the benefit to the class members against the risks and expense involved in pursuing the litigation to conclusion, the protracted nature of the litigation and the likelihood, costs and possible outcome of one or more procedural and substantive

appeals.  Based on their review and analysis, Plaintiff and Defendants entered into the Settlement Agreement, <u>Appendix 1</u>.

Pursuant to the Settlement Agreement, the Parties have agreed to the settlement of this action on the material financial terms as follows:

(a)    Each class member who does not opt-out or whose mail is not returned as undeliverable will receive a check of no less than $25.  The amount of recovery will go up on a *pro rata* basis depending on the number of class members whose notice is returned as undeliverable or opts-out.  The amount of the Recovery to the Class to be distributed to the Eligible Class Members is rounded down to the nearest penny, with the remainder to be awarded to the *cy pres* recipient.  Plaintiff asserts that given Rent Recover's very low net worth, prior to dissolving, and that it is now out of business, and the challenge that Better NOI has mounted as to its liability, a declining insurance policy, a $25 settlement payment on the mirror state law claims, that range from $50 or $150 if found to have willfully violated the Act, are within the range of a reasonable settlement.  A minimum $25 cash, and notice to any class member of the alleged violation so that they can weigh their options, is within the range of a fair, reasonable and adequate monetary resolution for the class members.

(b)    Relief to the Named Plaintiff: Subject to Court approval, Defendant shall pay Plaintiff $5,000 as his statutory damages and as an incentive award as serving as the class representative.  Plaintiff participated in written discovery, flew from Detroit to Chicago to appear in Court and for his deposition, rejected sizable individual settlement offers and was involved in the settlement process that led the Agreement.  The amount of $5,000 as an incentive award is not unreasonable in consumer and other class actions. *E.g. Prusak v. Lumber Liquidators, Inc.,* 12 C 6984, (N.D. Ill. Nov. 11, 2014) (Pallmeyer, J.) ($5,000 FCRA); *Florence Mussat M.D., S.C. v.*

*Betterdoctor, Inc.*, 13 C 8377 (N.D. Ill. July 10, 2014) ($10,000, TCPA); *see e.g., Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (upholding challenge to $25,000 incentive award). The payment of the incentive award does not affect the amount of recovery to the class members. Class members will be provided notice of the proposed incentive award and will have the opportunity to object if they perceive the amount not to be fair, reasonable and adequate.

(c)     Attorney's Fees and Costs:   Subject to Court approval, Defendants shall pay Plaintiff's counsel $73,775 as attorney's fees and costs. In addition to the costs of the litigation, Plaintiff's counsel is advancing the costs of the notice and administration of the settlement. Two weeks prior to the proposed objection submission deadline, Plaintiff's counsel will file a petition for attorney's fees and costs under a Lodestar calculation.   The payment of any amount of attorney's fees and costs does not affect the amount of recovery to the class members. Class members will be provided notice of the proposed attorney fee and costs award and will have the opportunity to object if they perceive the amount not to be fair, reasonable and adequate.

(d)     The Settlement Agreement contains a *cy pres* award for the amount remaining from uncashed checks and unawarded monies to be distributed to the Michigan State Bar Foundation – Access to Justice Fund.

The Notice Plan and Proposed Dates: Notice to the Settlement Class Members shall be provided by direct mail by the Notice and Claims Administrator using only addresses identified by the Notice and Claims Administrator. The Notice and Claims Administrator (First Class Inc.) will shall give direct notice to each Class Member by sending the Notice of Class Action Settlement (the "Class Notice"), via a notice, a copy of which is attached as (Exhibit A) to the Settlement Agreement. Such notice will be mailed 30 days after preliminary approval of the Settlement Agreement (the "Notice Mailing Date").

## CONCLUSION

Plaintiff believes that settlement of this action on the terms and conditions set forth in the Settlement Agreement is fair, reasonable and adequate, and would be in the best interests of the members of the Class.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an Order Preliminarily Approving the Class Action Settlement which:

(i)     Grants preliminary approval of the purposed settlement;

(ii)    Approves and orders the direct notice as set forth in the Settlement Agreement;

(iii)   Sets dates for claims to be made, opt-outs, petition for attorney's fees and objections to be submitted; and

(iv)    Schedules a hearing for final approval of the class settlement.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
350 S. Northwest HWY, Ste. 300
Park Ridge, IL 60068
(847) 701-5290 (TEL)
cwarner@warner.legal