IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PETER PILARSKI, individually and on behalf of similarly situated persons, | ) ) ) | Case No. 17-cv-08659 |
| | ) | Chief Judge Rebecca R. Pallmeyer |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| RENT RECOVER OF BETTER NOI LLC, later incorporated as RENT RECOVER, LLC, and BETTERNOI, LLC, | ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR AN INCENTIVE AWARD,
ATTORNEY'S FEES AND COSTS**

NOW COMES, Plaintiff Peter Pilarski, by and though his counsel, and pursuant to this Court's Order granting preliminary approval of the parties' class action settlement, (Doc. 95), hereby submits his motion for an incentive award, in addition to his statutory damages, totaling $5,000 (five thousand dollars), and pursuant to Rule 23(h), for reasonable attorney's fees and costs, totaling $73,775 (seventy-three thousand seven hundred seventy-five dollars) for attorney's fees and costs, (Doc. 91-1, PageID #:731), further finding that the lodestar amount sought by Plaintiff's counsel is reasonable, fair and adequate. Plaintiff is making this motion in advance of the objection date to afford class members the opportunity to be informed of the basis of the amounts sought, to object to this petition and for the Court to be able to consider any objections, or the lack thereof, in determining whether these amounts sought here are fair, reasonable and adequate.

In support of this motion, Plaintiff states:

**ARGUMENT**

I. **Plaintiff's Incentive Award**

Plaintiff is seeking an incentive award of $5,000. Notably the Settlement Agreement is structured so that any amount of Plaintiff's award is paid separately from the settlement class' fund. (Doc. 91-1, PageID #:731). As such, the amount of the award has no impact on the amounts to be distributed to the members of the settlement class.

Class representatives can receive modest compensation, an "incentive fee" or "incentive award", for what usually are minimal services in the class action suit even though class counsel manages the case. *See Espenscheid v. DirectSat USA, LLC*, 688 F.3d 872, 876-77 (7th Cir. 2012); Theodore Eisenberg & Geoffrey P. Miller, Incentive Awards to Class Action Plaintiffs: An Empirical Study, 53 UCLA L. Rev. 1303, 1308 (2006); *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1080 (7th Cir. 2013). "Incentive awards are appropriate if compensation would be necessary to induce an individual to become a named plaintiff in the suit." *Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399, 410 (7th Cir. 2000) (*citations omitted*). Where the settlement agreement between the parties allocates specific funds for an incentive award, the Court can make such an award. *See Hadix v. Johnson,* 322 F. 3d 895, 897-98 (6th Cir. 2003).

In this case, Plaintiff assisted counsel in preparing the Complaint, participated in responding to written discovery, flew from Detroit to personally appear in Court and for his deposition and throughout this litigation communicated with his counsel, as needed, including in settlement negotiations that ultimately resulted in the parties' Agreement.

Plaintiff's requested incentive award of $5,000 is in-line with other awards made in other consumer class actions. *Prusak v. Lumber Liquidators, Inc.*, 12 C 6984, Doc. 192, PageID #:3645 (N.D. Ill. Nov. 11, 2014) (Pallmeyer, J) ($5,000); *Redman v. Take Care Health Systems, LLC*, 11

C 9044, Doc. 44, (N.D. Ill. Sept. 6, 2012) ($5,000); *Radaviciute v. Christian Audigier, Inc. et al.*, Doc. 44, 10 C 8090 (N.D. Ill. Oct. 19, 2011); ($5,000); *Seppanen et al. v. Krist Oil, Co.*, 2:09-cv-195-GJQ, Doc. 123, (W.D. Mich. Aug. 9, 2011) ($5,000 each class representative); *Miller v. Southwest Airlines Co.*, C-12-5978-CRB, C-13-1429-CRB, Preliminary Approval Order, (N.D. Cal. Oct. 18, 2013) ($5,000 per plaintiff); *Bateman v. WF Cinema Holdings*, CV 07-00213, Doc. 37 (C.D. Cal.) ($5,000 to plaintiff Bateman); *Sutton v. FCA Restaurant Company, LLC*, 08-cv-5122-JJK, Dkt. 62, (D. Minn. Jan. 20, 2010) ($5,000).

**II.     Attorney's Fees and Costs**

The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA"), allows Class Counsel to recover for its work in this action. Section 1692k provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person" is liable, inter alia, for "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. §1692k(a)(3). The parties have agreed that, subject to the Court's approval, that Plaintiff's counsel is to receive $73,775 (seventy-three thousand seven hundred seventy-five dollars). (Doc. 91-1, PageID #:731).

In computing the lodestar, the hourly billing rate applied is the hourly rate that is normally charged in the community where counsel practices, i.e., the "market price." *See, e.g., Blum v. Stenson*, 465 U.S. 886 at 895; *McDonald v. Armontrout*, 860 F.2d 1456, 1459 (8th Cir. 1988) ("'in most cases, billing rates reflect market rates – they provide an efficient and fair short-cut for determining the market rate'"); *Spencer v. Comserv Corp.*, 1986 WL 15155, Fed.Sec.L.Rep. ¶93,124, at 95, 532 (D. Minn. Dec. 30, 1986) ("compensating a nationally recognized securities class action attorney at his hourly rate is entirely appropriate."); *Lindy Bros.Builders, Inc. v. American*

*Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 167 (3rd Cir. 1973) ("The value of an attorney's time generally is reflected in his normal billing rate."). Plaintiff's counsel is experienced in the litigation of cases brought under the FDCPA and in litigating class actions. *See* (Exhibit A).

There is a "strong presumption" that the lodestar method yields a reasonable fee. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554, 130 S. Ct. 1662, 176 L. Ed. 2d 494 (2010). A reasonable hourly rate is calculated by taking into consideration the prevailing market rates in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984); *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 618 (6th Cir. 2007). However, because this case was taken on a success contingent basis, no amount of fees are actually charged to the client, therefore necessitating the Court to examine other evidence to determine and award a reasonable hourly rate for Plaintiff's counsel. *Tolentino v. Friedman*, 46 F.3d 645, 652 (7th Cir. 1995) ("it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases.")

Plaintiff's counsel's lodestar amount as of July 26, 2019, is $79,530, comprised of 144.6 hours (one hundred forty-one hours and eight-tenths of an hour) of work at a $550 (five hundred fifty dollar) hourly rate, and in addition $5,613.50 (five thousand six hundred thirteen dollars and fifty cents) in costs that the firm advanced Plaintiff in this litigation, for a total amount $85,143.50 (eighty-three thousand six hundred three dollars and fifty cents). *See* (Appendix 1 attached to the Declaration of Curtis C. Warner, attached as Exhibit A). Accordingly, the request for $73,775 is reasonable, fair and adequate.

The settlement in this case complies with Seventh Circuit case law concerning class action awards, and is consistent with the principles set forth in *Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th

4

Cir. 2014), *Redman v. RadioShack Corp.*, 768 F.3d 622 (7th Cir. 2014) and *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014). First, the award to the class is distinct and separate from the attorney's fees in this case. (Doc. 91-1, PageID #:731). The FDCPA is a fee shifting statute and the fees being awarded to class would not come from a class fund but rather by payment directly from Defendants, pursuant to the fee shifting provision of the FDCPA as set out in Section 1692k(a)(3). Thus, the size of the attorney's fees award does not affect the award to the class, unlike cases such as *Pearson*, participate (or not) in the settlement, thus satisfying the requirements of Fed. R. Civ. P. 23, and of due process. In light of the results achieved for the class members, and the length of time and difficulty in achieving those results, an award of $73,775 to Class Counsel is fair and reasonable.

  The $550 hourly rate sought by Mr. Warner, admitted to practice law in Michigan in 2002 and 2004 in Illinois, (Exhibit A), is comparable to other consumer attorneys in the Chicago market. Alexander H. Burke's, admitted to the Illinois Bar in 2003 bar, hourly rate for TCPA class actions in 2014 was $500 per hour. *In Re Enhanced Recovery Company, LLC, Telephone Consumer Protection Act Litigation,* 6:13-md-2398-RDB-GJK, Doc. 123-9, (M.D. Fla. July 22, 2014). In *Redman v. RadioShack Corp.*, 2014 U.S. Dist. LEXIS 15880 (N.D. Ill. Feb. 7, 2014), *reversed on other grounds, Redman v. RadioShack Corp.*, 768 F.3d 622 (7th Cir. 2014), a FRCA receipt case brought under § 1681c(g)(1), the Court approved consumer attorneys Adam Tamburelli, a 2007 bar admission, $400 per hour rate and Thomas Zimmerman, and attorney of 17 years of experience at that time, $550 per hour rate. In *Beesley v. Int'l Paper Co.,* 3:06-cv-703-DRH-CJP, 2014 U.S. Dist. LEXIS 12037 (S.D. Ill. Jan. 31, 2014), that court held that in the context of a class action, "for attorneys with 5-14 years of experience, $545 per hour" was a reasonable hourly rate. *Id.* \* 11-12.

In 2014, this Court approved Mr. Warner's hourly rate of $450 per hour. *Prusak v. Lumber Liquidators, Inc.*, 12 C 6984, Doc. 192, PageID #:3645 (N.D. Ill. Nov. 11, 2014) (Pallmeyer, J.). Given that almost 5 years has passed, an increase from $450 to $550 is reasonable based upon more years of experience and that hourly rates go up over time. *See e.g. Michigan Carpenters Counsel Health & Welfare Fund v. Charles J. Rogers Constr. Co.,* No. G83-582 CAS, 1988 U.S. Dist. LEXIS 17836 * 22 (W.D. Mich. Dec. 23, 1988) (*citing* Economics of Law Practice in Michigan, 67 Mich. B.J. (special supplement) at 21-23 (November 1988) (noting that from 1984 to 1988 there was a 23% increase in the hourly rate for Michigan labor lawyers).

A court "may award reasonable attorneys' fees and non-taxable costs that are authorized … by the parties' agreement." Fed. R. Civ. P. 23(h). Where attorneys' fees do not diminish the class benefits, "the Court's fiduciary role in overseeing the award is greatly reduced, because there is no conflict of interest between attorneys and class members." *McBean v. City of New York*, 233 F.R.D. 377, 392 (S.D.N.Y. 2006). *See also Dehoyos v. Allstate Corp*., 240 F.R.D. 269, 322 (W.D. Tex. 2007); *Local 56 United Food & Comm. Workers Union v. Campbell's Soup Co*., 954 F. Supp. 1000, 1005 (D. N.J. 1997). Importantly, the awards of no class members are being reduced by any amount that may be awarded to Plaintiff's counsel in attorney's fees or costs.

"Costs" awarded under the FDCPA included monies advanced by the attorney to the client. *See Gradisher v. Check Enforcement Unit, Inc.* No. 00-cv-401, 2003 U.S. Dist. LEXIS 753 * 24-25, 2003 WL 187416 (W.D. Mich. Jan. 22, 2003) (*quoting LeBlanc-Sternberg v. Flether*, 142 F. 3d 748, 763 (2d Cir. 1998) ("Attorney's fees include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients"); *see also Giovannoni v. Bidna & Keys*, 255 Fed. Appx. 124, 2007 WL 3283611, at *2 (9th Cir. 2007) (applying *Chalmers v. City of Los Angeles*, 796 F.2d 1205 (9th Cir. 1986) to request for costs under § 1692k(a)(3)). In this case,

the firm advanced Plaintiff, $5,613.50 related to this litigation, the majority of those costs going to the sending of the notice of the preliminary approval of the class action settlement.

## CONCLUSION

WHEREFORE, Plaintiff requests this Honorable Court to award an incentive award of $5,000 to Plaintiff and approve of an award of $73,775 in attorney's fees and costs, finding Plaintiff's counsel's loadstar to be reasonable, fair and adequate.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner
WARNER LAW FIRM, LLC
350 S. Northwest HWY, Ste. 300
(847) 701-5290 (TEL)
cwarner@warner.legal

## CERTIFICATE OF SERVICE

I hereby certify that on **July 26, 2019**, I electronically filed with the Clerk of the Court of the Northern District of Illinois the foregoing document via the ECF System which will automatically send notification to all attorneys who are registered and so appeared:

Respectfully submitted,
/s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner
WARNER LAW FIRM, LLC
350 S. Northwest HWY., Ste. 300
Park Ridge, IL 60068
(847) 701-5290 (TEL)
cwarner@warner.legal