**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PETER PILARSKI, individually and on behalf of similarly situated persons, | ) ) ) | Case No. 17-cv-08659 |
| Plaintiff, | ) ) ) | Chief Judge Rebecca R. Pallmeyer |
| v. | ) ) | |
| RENT RECOVER OF BETTER NOI LLC, later incorporated as RENT RECOVER, LLC, and BETTERNOI, LLC, | ) ) ) ) | |
| Defendants. | ) | |

**FINAL ORDER APPROVING SETTLEMENT**

**WHEREAS,** on June 4, 2019, a Preliminary Approval Order was entered by the Court preliminarily approving the proposed Settlement pursuant to the terms of the Parties' Settlement Agreement and directing that notice be given to the Settlement Class. (Doc. 95);

**WHEREAS,** pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement, of the right of members of the Settlement Class to opt out, and of the right of members of the Settlement Class to be heard at a Final Approval Hearing to determine, *inter alia:* (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this Action with prejudice;

**WHEREAS,** a Final Approval Hearing was held on September 23, 2019. Prior to the Final Approval Hearing, Class Members were notified of their right to appear at the Final Approval Hearing in support of or in opposition to the proposed Settlement, the award of Attorney's Fees and Costs to Class Counsel, and the payment of the Incentive Award.

1

**NOW, THEREFORE,** the Court having heard the presentation of Class Counsel and counsel for Defendants, having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, adequate and reasonable, having considered the Attorney's Fees and Cost application made by Class Counsel and the application for an Incentive Award to the Settlement Class Representative and having reviewed the materials in support thereof, and with good cause appearing:

THE COURT FINDS AND ORDERS AS FOLLOWS:

1. The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

2. The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the claims of the Settlement Class.

3. The Court hereby approves the Settlement, including the plans for implementation and distribution of the settlement relief, and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Class Members, within the authority of the Parties and the result of extensive arm's-length negotiations. The Parties shall effectuate the Settlement Agreement in accordance with its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

4. The Court acknowledges that zero (0) objections to the Settlement were received and that zero (0) class members opted out.

5. The Class will be bound by this Final Approval Order and Judgment, shall include all members of the Class who did not submit timely and valid requests to be excluded from the Class.

6. The Court reaffirms the class certified by the Court as, "All persons with a Michigan address who were sent a letter in the form of Exhibit A attached to the Complaint, as Amended, that contained, in part, a statement that 'Your account will accrue interest at a rate of 7.00 percent annum.'"

7. The Court finds that the plan for Notice set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order was the best notice practicable under the circumstances. It provided due and sufficient notice to the Class of the pendency of the Action, of the existence and terms of the Settlement Agreement, and of the Final Approval Hearing, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law. The Court acknowledges that 320 (three hundred twenty) notices were returned as undeliverable by the U.S. Post Office, but given the lack of a forwarding address and that the underlying debt of each class member was alleged to be related to a failure to pay monies related to rental housing, the Court affirms that direct notice by mail was the best practical means of notifying the class members of the settlement.

8. The Settlement Agreement is, in all respects, fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved.

9. All persons who have not made their objections to the Settlement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

10. The cash distributions provided for in the Settlement Agreement shall be paid to all Settlement Class members who did not opt-out and whose notice was not returned as being undeliverable, pursuant to the terms and conditions of the Settlement Agreement. Each of these 1, 124 (one thousand one hundred twenty-four) persons shall be sent a check in the amount of

$32.22 (thirty-two dollars and twenty-two cents). The remaining amount of monies from the *pro rata* distribution, $9.27 (nine dollars and twenty-seven cents), shall be part of the *cy pres* award and distributed according to the terms of the Agreement.

11. Upon the Effective Date, members of the Settlement Class who did not validly and timely opt-out shall, by operation of this Final Approval Order and Judgment, have fully, finally and forever released, relinquished and discharged Defendants from the claims covered by the releases contained in the Settlement Agreement.

12. All members who did not validly and timely opt-out are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction asserting any claims released pursuant to the Settlement Agreement, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action and/or as a result of or in addition to those provided by the Settlement Agreement.

13. The terms of the Settlement Agreement and this Final Approval Order and Judgment shall have maximum res judicata, collateral estoppel and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorney's fees, costs, interest or expenses that were or could have been asserted in the Action or that are covered by the releases contained in the Settlement Agreement.

14. The Final Approval Order and Judgment, the Settlement Agreement, the Settlement that it reflects and all acts, statements, documents or proceedings relating to the Settlement are not, and shall not be construed as, or used as an admission by or against Defendants of any fault,

wrongdoing, or liability on the part of Defendants, or of the validity or certifiability for litigation of any claim or the existence or amount of any damages.

15. The Court hereby grants Class Counsel's request for an award of reasonable Attorney's Fees and Costs agreed to by the parties, which was capped, in the amount of $73,775 (seventy-three thousand seven hundred seventy-five dollars), further finding a lodestar amount for Mr. Warner, being $550 (five hundred fifty dollars) per hour for 144.6 (one hundred forty-four and six-tenths) hours of attorney tine to be reasonable, along with costs of the litigation in the amount of $5,613.50 to date to be reasonable. This amount is to be paid in accordance with the Settlement Agreement.

16. The Court further grants Class Counsel's application for an Incentive Award for Plaintiff in the amount of $5,000 (five thousand dollars). This amount is to be paid in accordance with the Settlement Agreement.

17. The above-captioned Action is hereby dismissed in its entirety with prejudice. Except as otherwise provided in this Final Approval Order and Judgment, the parties shall bear their own costs and attorney's fees. Without affecting the finality of the Judgment hereby entered, the Court reserves jurisdiction over the implementation of the Settlement Agreement that is embodied herein including enforcement and administration of the Settlement Agreement, and distribution of any remaining funds as a *cy pres* award.

Enter:

9/25/19

Rebecca R. Pallmeyer
United States District Judge